UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERA WILLNER,<br><br>        Plaintiff,<br><br>    v.<br><br>MANPOWER INC.,<br><br>        Defendant. | Case No.  11-cv-02846-JST<br><br>**ORDER DENYING MOTION TO RELATE CASES AND GRANTING REQUEST FOR JUDICIAL NOTICE**<br><br>Re: ECF Nos. 171, 174 |

Before the Court is Claudia Padilla and Leslie Guido's Administrative Motion to Consider Whether Cases Should be Related or Consolidated pursuant to Civil Local Rules 3-12 and 7-11 and Federal Rule of Civil Procedure 42(a)(2), ECF No. 171, and Padilla and Guido's Request for Judicial Notice in Support of their Administrative Motion, ECF No. 174.  After considering the Motion, ECF No. 171, the Request for Judicial Notice, ECF No. 174, and the Opposition to the Motion filed by Defendant Manpower, Inc., ECF No. 181, the Court will DENY the Motion to Relate Cases and GRANT the Request for Judicial Notice.

In its September 4, 2014 Order, the Court observed that "Although the Padilla plaintiffs use the word 'consolidated' in the caption of their motion, they make no argument in support of that relief.  Accordingly, the Court construes the motion solely as an administrative motion to relate pursuant to Civil L.R. 3-12 and 7-11."  Under Rule 3-12, an action is related to another when "[t]he actions concern substantially the same parties, property, transaction or event" and "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

Here, the Padilla plaintiffs move the court to relate <u>Mata, et al. v. Manpower Inc., et al.</u>, Case No. 5:14-cv-03787-LHK, to this action on the basis that the claims in the two cases "*may* overlap such that a settlement of the [<u>Willner</u>] action may have res judicata effects on the other."

1  ECF No. 171, at 2 (emphasis added).  The Court concludes that the mere possibility of overlap is
2  inadequate to meet the Rule 3-12 standard.  The claim in Mata is founded on a different legal
3  theory than the one presented here, and on a different set of alleged facts.  ECF No. 171, at 3; ECF
4  No. 181, at 3–4.  The two cases therefore do not "concern substantially the same parties, property,
5  transaction or event" and it is unlikely "that there will be an unduly burdensome duplication of
6  labor and expense or conflicting results if the cases are conducted before different Judges."  The
7  Motion is therefore DENIED.

8      The Court GRANTS Padilla and Guido's Request for Judicial Notice.  ECF No. 174.  The
9  documents are records of the Northern District and are proper subjects for judicial notice under
10 Federal Rule of Evidence 201(b).

11 **IT IS SO ORDERED.**

12 Dated:  September 19, 2014

_____
JON S. TIGAR
United States District Judge