*E-Filed: June 26, 2015*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUVENTINA MATA; CLAUDIA PADILLA; and LESLI GUIDO on behalf of themselves and all other similarly aggrieved employees,<br><br>Plaintiff,<br><br>vs.<br><br>MANPOWER, INC/CALIFORNIA PENINSULA; MANPOWER US INC.; MANPOWER INC.; MANPOWERGROUP PUBLIC SECTOR INC.; MANPOWERGROUP US INC.; and Does 1 through 100, inclusive,<br><br>Defendants. | Case No. 5:14-cv-03787-LHK<br><br>[Monterey County Superior Court Case No. M127969]<br><br>**STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION**<br><br><br>Complaint Filed:<br>Notice of **Removal** Filed:  8/20/14<br>Trial Date:   September 26, 2016<br><br>Judge:  The Honorable Lucy H. Koh |

{7094/005-1/00557827.DOC}

STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

**1.    PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**2.    COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**3.    LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.  Plaintiff's liaison will be Jonathan Swerdloff.  Defendants' liaison will be Steve Rasmussen.  The parties reserve the right to designate and/or utilize additional liaisons should the need arise.

**4.    PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a)    Only ESI created or received between May 29, 2010 and the present will be preserved;

b)    The parties have exchanged a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved.  The ESI shall include information on Defendants' Direct Office, Red Carpet, Manppower.com and I-net systems, including check stubs and JD Edwards information.  Custodians may include Plaintiffs, as well as Defendants Human Resources and/or

payroll personnel, selling branch managers and/or recruiting managers. The parties shall add or remove custodians as reasonably necessary;

    c)    The parties will agree on the number of custodians per party for whom ESI will be preserved;

    d)    These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced: The parties are not presently aware of any relevant data sources that are not reasonably accessible. Defendants reserve their objections to searching data sources that are not reasonably accessible because of undue burden or cost should Plaintiffs contend that any such sources contain relevant information.

    e)    Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve the following: Not applicable.

    f)    In addition to the agreements above, the parties agree data from these sources (a) could contain relevant information but (b) under the proportionality factors, should not be preserved: Not applicable..

## 5. SEARCH

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

## 6. PRODUCTION FORMATS

The parties agree to produce documents in ☒ PDF, ☐ TIFF, ☒ native and/or ☒ paper or a combination thereof (check all that apply)] file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

## 7. PHASING

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to phase the production of ESI and the initial production will be from the

following sources and custodians: Defendants' Direct Office, Red Carpet, Manppower.com and I-net systems. Following the initial production, the parties will continue to prioritize the order of subsequent productions.

**8.  DOCUMENTS PROTECTED FROM DISCOVERY**

a)  Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b)  Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

**9.  MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

DATED: June 25, 2015              WANGER JONES HELSLEY PC

By /s/ Patrick D. Toole
Patrick D. Toole,
Attorneys for Plaintiffs Juvetina Mata,
Claudia Padilla and Lesli Guido on behalf of
themselves, and all other similarly aggrieved
employees

*Additional signatures on following page*

| | | |
|---|---|---|
| 1 | DATED:  June 25, 2015 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| 2 | | |
| 3 | | |
| 4 | | By /s/ J. Patrick Allen |
| | |     Spencer C. Skeen, |
| 5 | |     Evan R. Moses |
| | |     J. Patrick Allen |
| 6 | |     Tim L. Johnson |
| | |     Attorneys for Defendant |
| 7 | |     MANPOWER, INC./CALIFORNIA |
| | |     PENINSULA; MANPOWER US INC.; |
| 8 | |     MANPOWER, INC.; MANPOWERGROUP |
| | |     PUBLIC SECTOR INC.; |
| 9 | |     MANPOWERGROUP US INC. |

**IT IS ORDERED** that the foregoing Agreement is approved.

DATED: June 26, 2015    _____
Hon. Howard R. Lloyd
United States Magistrate Judge