UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUVENTINA MATA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MANPOWER INC. / CALIFORNIA PENINSULA, et al.,<br><br>    Defendants. | Case No.  5:14-CV-03787-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 44 |

       Plaintiffs Claudia Padilla and Lesli Guido ("Plaintiffs") bring this wage and hour class action against Defendants Manpower, Inc./California Peninsula, Manpower US Inc., Manpower Inc., ManpowerGroup Inc., and ManpowerGroup US Inc. (collectively, "Manpower" or "Defendants").  Before the Court is Plaintiffs' motion for leave to file a Second Amended Complaint.  ECF No. 44.

       Having considered the parties' submissions, the record in this case, and the relevant law, the Court hereby GRANTS in part and DENIES in part Plaintiffs' motion to file the proposed Second Amended Complaint.

1

Case No. 5:14-CV-03787-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

## I. BACKGROUND

### A. Factual Background

According to Plaintiffs' proposed Second Amended Complaint, Defendants own and operate an employment agency. ECF No. 44-4 ("SAC") ¶ 18. The named Plaintiffs Padilla and Guido allege that Defendants employed them and the class members they seek to represent "as Temporary Service Employees performing services for Defendants' clients in numerous different industries." *Id.* ¶ 19. Among other things, Plaintiffs allege that Defendants required Plaintiffs to attend an internal orientation referred to as the "Manpower Orientation" as well as trainings related to Defendants' timekeeping and other internal processes. *Id.* ¶ 23. Plaintiffs allege that Defendants required Plaintiffs to "consult with Defendants regarding the status of assignments, provide information to Defendants regarding their availability, [and] update Defendants' databases regarding changes in their qualifications." *Id.* Plaintiffs further allege that Defendants required Plaintiffs to attend client-specific orientations and meetings, including post-termination meetings. *Id.* Plaintiffs assert that Defendants did not pay Plaintiff wages for engaging in these activities, nor did Defendants reimburse them for expenses incurred related to these activities. *Id.*

Plaintiffs filed suit in California state court on May 29, 2014 asserting several claims under California law. ECF No. 1-1. Plaintiffs allege that Defendants: (1) failed to adequately pay Plaintiffs for reporting to work, SAC ¶¶ 84-88; (2) failed to pay wages for attending trainings and meetings, *id.* ¶¶ 89-98; (3) failed to pay wages following Plaintiffs' demands, *id.* ¶¶ 99-104; (4) failed to pay minimum wage, *id.* ¶¶ 105-114; (5) failed to provide legally compliant wage statements, *id.* ¶¶ 115-127; (6) failed to pay wages within a legally mandated timeframe, *id.* ¶¶ 128-134; (7) failed to pay all wages upon termination, *id.* ¶¶ 135-140. Plaintiffs also assert claims under (8) California's Private Attorneys General Act, *id.* ¶¶ 141-49, and (9) California's Unfair Competition Law, *id.* ¶¶ 150-57.

This is not the first wage and hour class action filed against Manpower. Significant to the instant motion, the case *Willner v. Manpower, Inc.*, No. 11-cv-02846-JST (N.D. Cal.) was filed on March 17, 2011. ECF No. 46 at 3. Vera Willner, an hourly employee of Manpower, filed a

Case No. 5:14-CV-03787-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

complaint alleging:

> (1) violations of California Labor Code section 201.3(b)(1) for failure to pay timely weekly wages; (2) violations of California Labor Code section 226 for failure to furnish accurate wage statements; (3) violations of California's Unfair Competition Law ("UCL") for failure to provide accurate wage statements and to pay timely wages; (4) penalties under the Private Attorney General Act ("PAGA") for failure to provide accurate wage statements and to pay timely wages; and (5) violations of California Labor Code sections 201 and 203 for failure to pay timely wages due at separation.

ECF No. 47-3 (Order Granting Final Approval of Class Action Settlement) at 1-2.[1]  The *Willner* action settled and reached final approval.  ECF No. 44-1 at 2.  Plaintiffs here contend that the release of claims in *Willner* "only applied to wage statement claims arising under Labor Code section 226, et al., for certain non-exempt temporary employees for a specified period of time as alleged in the *Willner* action." *Id.*  Plaintiffs specifically contend that the *Willner* settlement "did not release any claims arising from orientations and other unpaid activities pled in the First Amended Complaint." *Id.*  Defendants, on the other hand, contend that to the extent Plaintiffs' current claims overlap with *Willner*, the overlapping claims have been released.  ECF No. 46 at 3.

### B. Procedural History

Plaintiffs filed their original class action complaint against Defendants on May 29, 2014 in Monterey County Superior Court.  ECF No. 1-1.  The original complaint sought compensation and penalties for alleged violations during a "Class Period" defined as "the period of time beginning four years before the commencement of this action through the date on which each class or subclass herein is confirmed." *Id.* ¶ 2.  On July 21, 2014, Plaintiffs filed a First Amended Complaint ("FAC").  ECF No. 1-2, Ex. C.  Among other changes, the FAC changed the proposed Class Period to "the period of time beginning February 13, 2009 through the date of entry of Judgment herein." *Id.* ¶ 2.  Defendants filed an answer to the FAC on August 20, 2014.  ECF No. 1-2, Ex. C.  That same day, Defendants removed this action to the U.S. District Court for the

---

[1] The parties have requested that the Court take judicial notice of various court filings related to other lawsuits against Manpower.  The Court GRANTS the unopposed requests for judicial notice. *Wheeler v. City of Oakland*, No. 05–0647–SBA, 2006 WL 1140992, at *5 (N.D. Cal. Apr. 28, 2006).

3
Case No. 5:14-CV-03787-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Northern District of California. ECF No. 1.

On July 22, 2015, the parties filed a joint case management statement. ECF No. 38. The statement indicated that there was no record that Plaintiff Juventina Mata had worked for any of the Defendants. *Id.* at 5. The statement also indicated that Defendant ManpowerGroup Public Sector, Inc. did not employ temporary non-exempt workers during the Class Period in California. *Id.* Accordingly, on August 11, 2015, the parties filed a stipulation that dismissed with prejudice all claims against all Defendants by Plaintiff Juventina Mata and dismissed the remaining Plaintiffs' claims against ManpowerGroup Public Sector, Inc. ECF No. 42.

Plaintiffs filed the instant motion for leave to file a Second Amended Complaint on August 13, 2015. ECF No. 44. The proposed Second Amended Complaint would (1) name ManpowerGroup Inc. as a Defendant; (2) revise the FAC's proposed class definitions; and (3) allege an earlier date of March 17, 2007 for the beginning of the Class Period. ECF No. 44-1 at 1. Defendants filed an opposition on August 27, 2015, ECF No. 46, and Plaintiffs filed a reply on September 3, 2015, ECF No. 51.

## II.   LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Of these considerations, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). "Absent prejudice, or a strong showing of any of the

1  remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to

2  amend." *Id.* (emphasis in original).  Nevertheless, a proposed amendment may be denied as futile

3  "if no set of facts can be proved under the amendment to the pleadings that would constitute a

4  valid and sufficient claim or defense." *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th

5  Cir. 1988).  Ordinarily, however, "courts will defer consideration of challenges to the merits of a

6  proposed amended pleading until after leave to amend is granted and the amended pleading is

7  filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003).

## III. DISCUSSION

Plaintiffs' proposed Second Amended Complaint ("SAC") would (1) name ManpowerGroup Inc. as a Defendant, taking into account an alleged name change from Manpower Inc. and Manpower US Inc. to ManpowerGroup Inc.; (2) revise the FAC's proposed class definitions; and (3) allege an earlier date of March 17, 2007 for the beginning of the Class Period based on the argument that putative class action complaints filed in *Willner v. Manpower, Inc.*, No. 11-CV-02846-JST (N.D. Cal.), tolled the applicable statutes of limitations.  ECF No. 44-1 at 1.  The Court addresses each of these proposed changes in turn.

### A. Naming ManpowerGroup Inc. as a Defendant

The proposed SAC adds ManpowerGroup Inc. as a named Defendant.  SAC ¶ 8.  Plaintiffs allege that during the class period, Defendant Manpower, Inc. changed its name to ManpowerGroup Inc., but the corporate entity continued without change.[2]  *Id.*  The SAC, like the FAC, asserts each cause of action against "all Defendants;" thus, the SAC does not allege violations that are specific to ManpowerGroup Inc.  *See* SAC at pp. 32-33, 35-37, 42-44, 46.

---

[2] The proposed SAC also deletes references to Defendant ManpowerGroup Public Sector, Inc., a Defendant that Plaintiffs dismissed from this litigation on August 11, 2015.  ECF No. 44-5 (comparison of first and second amended complaints) ¶ 9; ECF No. 42 (Stipulation to Dismiss with Prejudice) ¶ 5.  The dismissal of a party would not ordinarily require amendment of a complaint.  Moreover, neither Plaintiffs nor Defendants address this change in their briefs.  Nevertheless, because, as explained below, the Court grants leave to make some of Plaintiffs' other proposed amendments to their complaint, the Court finds that Defendants will suffer no prejudice from the removal of a party from the SAC.  Accordingly, Plaintiffs' proposal to remove ManpowerGroup Public Sector, Inc. as a Defendant is granted.

5
Case No. 5:14-CV-03787-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Defendants concede that the corporate entity changed its name as Plaintiffs allege. ECF No. 46 at 6. Defendants make two arguments against Plaintiffs' proposed amendment. First, Defendants argue that ManpowerGroup Inc. "is already a party to this action" and "does not need to be sued a second time in the same action." *Id.* In the next sentence in their brief however, Defendants state that Defendants would not object "[s]hould Plaintiffs seek to amend the complaint to substitute 'ManpowerGroup Inc.' wherever 'Manpower Inc.' appears" in the complaint. *Id.* The only difference between Plaintiffs' proposed amendment and the hypothetical amendment to which Defendants express no objection is that in Plaintiffs' proposal, Manpower, Inc. is still a named Defendant. SAC ¶ 8. Plaintiffs argue that naming both entities would simplify "matters relating to class notice, scope of release and identification of class members." ECF No. 51 at 1. This Court finds that Defendants' waiver of objection to a nearly identical amendment to the one Plaintiffs propose shows that Defendants would suffer no prejudice from the addition of ManpowerGroup Inc.

Second, Defendants argue that Plaintiffs unduly delayed Plaintiffs' amendment after Defendants' August 20, 2014 notice of removal put Plaintiffs on notice of the corporate name change. ECF No. 46 at 6. As Defendants point out, the notice of removal referred to "Defendants Manpower US Inc. and Manpower Inc. (n/k/a/ ManpowerGroup Inc.)." ECF No. 1 at 2. Plaintiffs respond that the reference in Defendants' notice of removal was unclear, and "Defendants subsequently resisted discovery requests" with regard to the relationships between the Manpower entities. ECF No. 51 at 12. This Court finds that in light of Defendants' notice of removal, Plaintiffs probably should have proposed Plaintiffs' amendment earlier. Nevertheless, because the record regarding Defendants' discovery responses is incomplete, the Court cannot find that Defendants' showing of Plaintiffs' delay is so strong that it overcomes the presumption of allowing amendments absent prejudice to the opposing party. *See Eminence Capital*, 316 F.3d at 1052.

Defendants do not argue that any of the other *Foman* factors apply. Accordingly, Plaintiffs

6

Case No. 5:14-CV-03787-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

will be allowed to add ManpowerGroup Inc. as a Defendant.

### B.     Revising Proposed Class Definitions

The proposed SAC amends the list of classes that the named Plaintiffs seek to represent.

The FAC defines three putative subclasses:

> A. <u>Unpaid Wages Worker Subclass</u>:
> All current and former employees of Defendants who were paid an hourly wage and who worked in a non-exempt position for Defendants in California during the Class Period.
>
> B. <u>Non-Compliant Wage Statement Subclass</u>:
> All current and former employees of Defendants who worked in California and received a wage statement during the Class Period.
>
> C. <u>Unpaid Wages Former Employees Subclass</u>:
> All employees of Defendants who were paid an hourly wage, who worked for Defendants in California and whose employment with Defendants was voluntarily or involuntarily terminated during the Class Period.

FAC ¶ 75.  The SAC eliminates the "Unpaid Wages Worker" and "Unpaid Wages Former Employees" subclasses and replaces them with seven, more specific subclasses, listed as follows:

> A. <u>Non-Compliant Wage Statement Subclass</u>:
> All current and former employees of Defendants who worked in California and received a wage statement during the Class Period.
>
> B. <u>Internal Orientation Subclass</u>:
> All current and former employees of Defendants who worked in a nonexempt position for Defendants in California during the Class Period and who participated in an "internal Manpower" orientation.
>
> C. <u>Client Orientation Subclass</u>:
> All current and former employees of Defendants who worked in a nonexempt position for Defendants in California during the Class Period and who attended a Client Orientation after being assigned to that Manpower client.
>
> D. <u>MDT Training Subclass</u>:
> All current and former employees of Defendants who worked in a nonexempt position for Defendants in California during the Class Period and who viewed a tutorial video and/or underwent other training related to the use of the Manpower Direct Time time-keeping program utilized by Manpower during the Class Period.
>
> E. <u>Assessment and Training Subclass</u>:
> All current and former employees of Defendants who worked in a nonexempt position for Defendants in California during the Class Period and who undertook safety training, skills training or participated in any skills or other assessment in connection with their employment with Defendants.

F. <u>Post-Assignment Reporting and Consulting Subclass:</u>
All current and former employees of Defendants who worked in a nonexempt position for Defendants in California during the Class Period and who reported to or consulted with Manpower's supervisors, staffing specialists and/or management concerning an assignment, work-related issues, availability for future assignments and/or skills and qualifications updates.

G. <u>Post-Termination Reporting Subclass:</u>
All current and former employees of Defendants who worked in a nonexempt position for Defendants in California during the Class Period and who reported to Manpower's supervisors, staffing specialists and/or managers after the completion and/or termination of an assignment concerning the assignment, the completion of paperwork related to the assignment, the submission of time records related to an assignment, the return or surrender of identification cards and/or other materials related to an assignment and/or the completion of any other post-assignment tasks required by Manpower.

H. <u>Client Interview and Background Checks Subclass:</u>
All current and former employees of Defendants who worked in a nonexempt position for Defendants in California during the Class Period and who attended a pre-assignment interview and/or any meeting related to the gathering of fingerprints and other information necessary to conduct background checks in connection with an actual or prospective assignment.

SAC ¶ 75.

Defendants raise three principal objections to Plaintiffs' proposed class amendments. First, Defendants argue that adding the seven proposed subclasses would be futile because the proposed subclasses are impermissible "fail-safe" classes that assume the legal issue being tried. ECF No. 46 at 4.  Specifically, Defendants object to the fact that each proposed subclass contains the word "employee," while Defendants intend to argue that individuals who Plaintiffs claim are entitled to relief for attending interviews, training, and orientations may have done so before any employment relationship began. *Id.*  Defendants argue that "[t]hese persons are not identifiable or ascertainable during the pendency of the action because employment status is the issue being tried." *Id.*

Plaintiffs respond that "the members of the proposed classes are identifiable by the fact that they are persons who engaged in the tasks identified in each proposed class." ECF No. 51 at 6. Plaintiffs also argue that "the term 'employee' is used simply to denote whether the proposed class consists of those still employed by Defendants, those no longer employed by Defendants, or both." *Id.*  In support of Plaintiffs' position, Plaintiffs cite *Trosper v. Styker Corporation*, No.

8
Case No. 5:14-CV-03787-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

1    13-CV-0607-LHK, 2014 WL 4145448, at *8 (N.D. Cal. August 21, 2014), which held that a class

2    defined as "[a]ll individuals who were employed by defendants during the Class Period in

3    California who held the title of 'Sales Representatives'" was not a fail-safe class. The *Trosper*

4    Court explained that "[n]othing in [the proposed class] definition would allow a putative class

5    member to escape class membership should the class fail at the merits stage." *Id.* Plaintiffs also

6    argue that Defendants' objections are more appropriately addressed at a later stage of the

7    litigation, such as during class certification. *Id.* at 8.

8        This Court agrees with Plaintiffs that the proposed subclasses recited in the SAC are not

9    impermissible "fail-safe" classes. The implication of Defendants' position is that any putative

10   class in which an employment relationship is even potentially at issue may not use the word

11   "employee." The cases Defendants cite do not support such a sweeping position. Defendants rely

12   on *Heffelfinger v. Elec. Data Sys. Corp.*, No. CV 07-00101 MMM (EX), 2008 WL 8128621 (C.D.

13   Cal. Jan. 7, 2008) *aff'd*, 492 F. App'x 710 (9th Cir. 2012), for the proposition that each of

14   Plaintiffs' proposed classes is an impermissible fail-safe class that improperly assumes the legal

15   issue being tried. ECF No. 46 at 4. Defendants' argument is unpersuasive. The "fail-safe" class

16   in *Heffelfinger* was defined in terms of workers who "did not receive overtime compensation as

17   required by Labor Code, Section 510, and Wage Order No. 4-2001, Section 3." 2008 WL

18   8128621, at *10. By contrast, in the present case, none of Plaintiffs' proposed subclasses is

19   defined in terms of the violation of a law. Defendants cite *Mazur v. eBay, Inc.*, 257 F.R.D. 563

20   (N.D. Cal. 2009), and *Kosta v. Del Monte Foods, Inc.*, 308 F.R.D. 217, 219 (N.D. Cal. 2015), but

21   Defendants do not even attempt to compare the classes in these cases to those at issue here.

22   Neither case involved fail-safe classes or employment, and the Court finds these cases readily

23   distinguishable from the present case.

24       In any event, this Court finds that questions about which individuals are members of each

25   subclass are more properly addressed at the class certification stage than in determining whether a

26   proposed amendment would be futile. *See Thorpe v. Abbott Labs., Inc.*, 534 F.Supp.2d 1120,

27

28   Case No. 5:14-CV-03787-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT

1125 (N.D. Cal. 2008) ("Motions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle for the arguments.").

Second, Defendants argue that amendment would be futile because the Plaintiffs have failed to allege that Plaintiffs are members of the proposed new classes. ECF No. 46 at 4-5. This Court disagrees. As Plaintiffs explain, the SAC contains ample support for the proposition that one or more of the named Plaintiffs is a member of each proposed subclass. *See* ECF No. 51 at 7-8 (citing examples in SAC). Accordingly, on this record, this Court cannot find that amendment to add Plaintiffs' proposed subclasses would be futile.

Third, Defendants argue that Defendants would be prejudiced by the amendments to the class definitions because, Defendants argue, the proposed subclasses are excessively broad. ECF No. 46 at 5. For example, Defendants argue that the proposed "Post-Termination Reporting Subclass"[3] contains multiple subparts that make it "impossible for Defendants to determine what it is they are really being asked to litigate or defend." *Id.* This Court disagrees. While the proposed subclasses are broad, they are more specific than the classes recited in the First Amended Complaint, which Defendants never moved to dismiss, and thus the proposed subclasses provide Defendants with *more* notice of which individuals are claiming violations under each cause of action.[4] Accordingly, this Court finds that Defendants have failed to show prejudice with the proposed amendment.

Defendants do not argue that any of the other *Foman* factors apply to the proposal to amend the class definitions. Thus, this Court finds that the *Foman* factors support allowing

---

[3] The SAC defines the Post-Termination Reporting Subclass as "[a]ll current and former employees of Defendants who worked in a nonexempt position for Defendants in California during the Class Period and who reported to Manpower's supervisors, staffing specialists and/or managers after the completion and/or termination of an assignment concerning the assignment, the completion of paperwork related to the assignment, the submission of time records related to an assignment, the return or surrender of identification cards and/or other materials related to an assignment and/or the completion of any other post-assignment tasks required by Manpower." SAC ¶ 75.
[4] For an example of the increased specificity, *compare* FAC, Seventh Cause of Action (noting that the claim is brought by the Unpaid Wages Former Employees Subclass), *with* SAC, Seventh Cause of Action (noting that the claim is brought by six different subclasses of workers).

Plaintiffs to amend the class definitions in their Second Amended Complaint.

### C. Beginning of Class Period

Finally, the SAC seeks to allege an earlier date of March 17, 2007 for the beginning of the Class Period based on the argument that class action complaints filed in *Willner v. Manpower, Inc.*, No. 11-CV-02846-JST (N.D. Cal.), tolled the applicable four-year statutes of limitations. ECF No. 44-1 at 1. Plaintiffs' proposal would extend the class period by approximately two years. ECF No. 46 at 1.

Plaintiffs principally rely on the U.S. Supreme Court's decisions in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), and *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345 (1983). In *American Pipe*, the U.S. Supreme Court held that when a class action is dismissed for failure to certify the class, "the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." 414 U.S. at 553. In *Crown*, the U.S. Supreme Court extended *American Pipe* to allow tolling not only in circumstances in which plaintiffs sought to intervene but also in which they filed separate actions. The Court held that "[t]he filing of a class action tolls the statute of limitations as to all asserted members of the class . . . not just as to intervenors." 462 U.S. at 350. As the Ninth Circuit has explained, both *American Pipe* and *Crown* "relied upon the dual purposes of class actions and statutes of limitations." *Catholic Soc. Servs., Inc. v. I.N.S.*, 232 F.3d 1139, 1147 (9th Cir. 2000) (en banc). Specifically, in its tolling jurisprudence, the U.S. Supreme Court has attempted "to avoid 'needless multiplicity of actions' and 'to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights.'" *Id.* (quoting *Crown*, 462 U.S. at 351). A class complaint "notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment." *American Pipe*, 414 U.S. at 555.

Defendants argue that amendment would be futile in this case because tolling can only

11
Case No. 5:14-CV-03787-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

apply to claims that were previously alleged, dismissed, and then asserted in a new action by a member of the original putative class. ECF No. 46 at 3. Defendants argue that, compared to *Willner*, the class members, the defendants, and the claims are different, and, to the extent that the claims are the same, they are barred by res judicata. *Id.* at 3-4. Defendants specifically argue that, "to the extent Plaintiffs allege new claims against Manpower Inc. (e.g. off-the-clock claims), tolling does not apply to those claims. Tolling does not apply to claims that were never asserted in the prior action." *Id.* at 4. In their reply brief, Plaintiffs argue that "[t]he degree to which the claims in *Mata* and *Willner* overlap remains to be seen," ECF No. 51 at 10, but Plaintiffs do not dispute that tolling should not apply to claims that were not asserted in an earlier action.

Plaintiffs' failure to argue that previously unasserted claims are tolled is fatal to the requested amendment because this Court agrees with Defendants that not all of the claims in the present action were asserted in *Willner*. *Compare* SAC (asserting nine causes of action) *with* ECF No. 47-3 at 1-2 (listing the five causes of action at issue in *Willner*). Indeed, Plaintiffs have affirmatively asserted that the present case involves issues that were not present in *Willner*:

> Plaintiffs contend that the *Willner* release only applied to wage statement claims arising under Labor Code section 226, et al., for certain non-exempt temporary employees for a specified period of time as alleged in the *Willner* action. Plaintiffs further contend that the *Willner* release *did not* release any claims arising from orientations and other unpaid activities pled in the First Amended Complaint. Likewise, the *Willner* settlement did not release any of the claims for derivative relief alleged in the present case, including but not limited to claims for waiting time penalties under Labor Code § 203.

ECF No. 44-1 (Mot. for Leave to File SAC) at 2-3. Thus, Plaintiffs have admitted that the claims in the two cases are not the same. Therefore, this Court finds that Plaintiffs cannot rely on *Willner* to toll the statute of limitations and that an amendment to extend the Class Period would be futile.

Defendants also point out that Plaintiffs in this case were not members of the *Willner* class. ECF No. 46 at 3. Defendants cite an April 8, 2015 joint case management statement filed by the parties in this case indicating, in relevant part, that "Plaintiffs have confirmed with Simpluris, the claims administrator, that the *Mata* Plaintiffs are <u>not</u> on the *Willner* class list and that they were not sent notices of settlement. . . . As such, there is no overlap between the *Willner* and *Mata*

12
Case No. 5:14-CV-03787-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

actions." ECF No. 26 at 18. The cases on which on which Plaintiffs rely, *American Pipe* and *Crown*, only suggest that tolling will occur when a plaintiff who files a later action was a member of a class in a previously filed action. *See American Pipe*, 414 U.S. at 553; *Crown*, 462 U.S. at 350. The fact that the Plaintiffs in the present action were not members of the class in *Willner* is an additional reason that tolling does not apply and that amendment would be futile.

Because the above findings form a sufficient basis to deny leave to amend, this Court need not address Defendants' arguments regarding res judicata and the alleged differences in the named Defendants in this case and in *Willner*.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for leave to file a Second Amended Complaint to name ManpowerGroup Inc. as a defendant and to revise the FAC's proposed class definitions. The Court DENIES Plaintiffs' motion for leave to amend the complaint to allege an earlier date for the beginning of the class period. Plaintiffs shall file a second amended complaint consistent with this order within seven days.

**IT IS SO ORDERED.**

Dated: October 29, 2015

_____
LUCY H. KOH
United States District Judge