United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUVENTINA MATA, et al.,<br><br>             Plaintiffs,<br><br>      v.<br><br>MANPOWER INC. / CALIFORNIA PENINSULA, et al.,<br><br>             Defendants. | Case No. 14-CV-03787-LHK<br><br>**ORDER DENYING APPLICATION FOR ENLARGING PAGE LIMITATION, GRANTING ADMINISTRATIVE MOTION TO STRIKE, AND REQUIRING PARTIES TO FILE RENEWED OPPOSITION AND REPLY TO MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 52, 71 |

On September 10, 2015, Plaintiffs filed an application for an order enlarging the page limits for Plaintiffs' brief in opposition to Defendants' motion for summary judgment. *See* ECF No. 52. In this application, Plaintiffs requested additional pages in order to provide the Court with "detail [on] the discovery disputes [in the case]" and how these disputes relate to Defendants' motion for summary judgment. *Id.* at 2. Without receiving prior approval of the Court, Plaintiffs then proceeded to file, on the same day, a thirty-five page opposition to Defendants' summary judgment motion, in violation of Civil Local Rule 7-3. *See* Civ. L.R. 7-3(a) ("[S]uch brief or memorandum may not exceed 25 pages of text."). Plaintiffs' opposition, moreover, refers to the

1
Case No. 14-CV-03787-LHK
ORDER DENYING APPLICATION FOR ENLARGING PAGE LIMITATION, GRANTING ADMINISTRATIVE MOTION TO STRIKE, AND REQUIRING PARTIES TO FILE RENEWED OPPOSITION AND REPLY TO MOTION FOR SUMMARY JUDGMENT

alleged discovery disputes only in passing: "Defendants' motion [for summary judgment] must be denied due to their deliberate efforts to frustrate discovery, *as detailed in the concurrently filed Rule 56(d) Request*." ECF No. 70 at 8 (emphasis added). Plaintiffs thus filed a separate seven-page motion that addressed the alleged discovery disputes, in addition to Plaintiffs' thirty-five page opposition to Defendants' motion for summary judgment. *See* ECF No. 65.

On September 10, 2015, Plaintiffs also filed objections to the Declarations of Mark Horne and Sunny Ackerman. *See* ECF No. 53. These filings contravene Civil Local Rule 7-3(a), which provides that "[a]ny evidentiary and procedural objections to the motion must be contained within the brief or memorandum." In order to comply with Civil Local Rule 7-3(a), Plaintiffs should have included any objections to the Horne and Ackerman Declarations in Plaintiffs' opposition to Defendants' motion for summary judgment, not in a separately filed document.

On September 14, 2015, Defendants moved to oppose Plaintiffs' application and moved to strike Plaintiffs' separately-filed objections. ECF No. 71.

In light of the foregoing, the Court DENIES Plaintiffs' application and GRANTS Defendants' motion to strike. The Court also strikes Plaintiffs' separate Rule 56(d) motion—any arguments in this motion should have been included in Plaintiffs' opposition. The Court hereby ORDERS Plaintiffs to file a renewed opposition to Defendants' motion for summary judgment by November 5, 2015. This opposition brief must comport with Civil Local Rule 7-3: Plaintiffs' opposition shall not exceed 25 pages in length, and Plaintiffs shall not file any separate objections or motions. Defendants shall file a renewed reply by November 12, 2015.

**IT IS SO ORDERED.**

Dated: October 29, 2015

_____
LUCY H. KOH
United States District Judge

2
Case No. 14-CV-03787-LHK
ORDER DENYING APPLICATION FOR ENLARGING PAGE LIMITATION, GRANTING ADMINISTRATIVE MOTION TO STRIKE, AND REQUIRING PARTIES TO FILE RENEWED OPPOSITION AND REPLY TO MOTION FOR SUMMARY JUDGMENT