E-Filed 11/3/15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUVENTINA MATA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MANPOWER INC. / CALIFORNIA PENINSULA, et al.,<br><br>    Defendants. | Case No.  14-cv-03787-LHK   (HRL)<br><br>**ORDER ON DISCOVERY DISPUTE JOINT REPORT 1**<br><br>Re: Dkt. Nos. 33, 34 |

      Plaintiffs Claudia Padilla and Lesli Guido ("Plaintiffs") bring this wage and hour class action against Defendants Manpower, Inc./California Peninsula, Manpower US Inc., ManpowerGroup Inc., and ManpowerGroup US Inc. ("Defendants"). Magistrate Judge Paul S. Grewal, in a similar case called *Ramirez v. Manpower, Inc. et al.* that involved several of the same defendants, ordered the production of the contact information for a random and statistically significant sample of the putative class. 13-cv-2880-BLF, Dkt. No. 106. Judge Lucy Koh held a case management conference and then ordered that Judge Grewal's previous order shall apply "in this case." Dkt. No. 30 at 1. Judge Koh ordered the parties to meet and confer "regarding . . . what constitutes a statistically significant sample" of the putative class. *Id.*

      Defendants have not produced pursuant to the order issued by Judge Grewal and adopted by Judge Koh. Plaintiffs unilaterally filed discovery dispute joint report ("DDJR") 1 to request an order that Defendants must, within 10 days, produce pursuant to the court's previous order. Dkt. No. 33. Defendants argue in response that: (1) the order does not apply to one of the defendants because that defendant was not involved in *Ramirez*; and (2) the privacy rights of the putative class members should be protected by giving each randomly selected person notice and the opportunity to opt out before Defendants produce their information.

      Defendants propose the following sampling procedures: (1) they shall provide a numbered

list of the putative class members to a third-party company and then tell Plaintiffs how many people are on the list, except that the list shall not contain the putative class members who worked for the defendant who was not involved in *Ramirez*; (2) Plaintiffs shall provide the third-party company a list of randomly selected numbers, each of which corresponds to a different person on the numbered list provided by Defendants, and the number of randomly selected numbers shall equal 5% of the total number of people on the numbered list; (3) the third-party company shall give each selected person notice that their contact information might be produced in a lawsuit; (4) each selected person shall have 30 days to opt out of the production of their information; and (5) the names and contact information of the selected people who do not opt out shall be produced to Plaintiffs by the third-party company. Dkt. No. 34 at 6-7. Plaintiffs object to the proposed opt-out procedures and object to the proposal that a portion of the putative class shall not be sampled.

**Discussion**

The court rejects Defendants' argument that the discovery order does not apply to all Defendants. Judge Koh applied Judge Grewal's order "to this case" and not to a particular sub-set of Defendants. The adopted order therefore requires the production of information related to a random sample of this case's putative class, not a sample that excludes a portion of the putative class. Defendants might have argued during the case management conference that Judge Grewal's order should not be applied to the defendant in this case who was not a defendant in *Ramirez*, but Defendants did not raise that argument with Judge Koh and the court shall not entertain it now.

The court also rejects the argument that each randomly selected putative class member should be given notice and an opportunity to opt out before Defendants produce their contact information. Defendants argue it is standard and appropriate to protect the privacy interests of putative class members with such procedures and, therefore, it is appropriate for Defendants to demand the use of those procedures in this case. Dkt. No. 34 at 5-7. But in *Ramirez* Judge Grewal ordered the use of random sampling procedures specifically because he determined those procedures would adequately balance Plaintiffs' discovery needs against the individual privacy rights of the putative class members. 13-cv-2880-BLF, Dkt. No. 106 at 1-2. Judge Koh adopted Judge Grewal's order and applied it to the putative class in this case, which is largely co-extensive with the putative class in *Ramirez*. Defendants were wrong to insist on procedural protections

2

beyond what Judge Grewal ordered and Judge Koh adopted.

In fact, the additional opt-out procedures demanded by Defendants would have frustrated the random sampling ordered by Judge Grewal.  A random and statistically significant sample is highly likely to accurately represent the putative class, even though only a small percentage of people would have their contact information produced to Plaintiffs.  *See* 13-cv-2880-BLF, Dkt. No. 106 at 2.  If a non-random bias distorts the randomness of the sampling process, which occurs when randomly selected sample members may decide whether they want to remain in a sample, then the biased sample is less likely to accurately represent the sampled group.  *See, e.g.*, Barbara Illowsky, Ph.D. & Susan Dean, *Collaborative Statistics* at 24, 28 (version 1.40).  The order for a random sample already balances the need for accurate information against the privacy rights of the putative class members.  The superfluous privacy protections demanded by Defendants would distort the sampling process with non-random bias, and the resultant sample would not be reliable.

Plaintiffs do not otherwise object to the procedures proposed by Defendants.  The court shall therefore enforce Defendants' timely compliance with a modified procedure similar to the one proposed by Defendants.

## Conclusion

Defendants were wrong to delay compliance with the discovery order that Judge Koh adopted in this case.  Defendants shall, within five days, provide a numbered list to a third-party company which includes every member of the putative class and shall tell Plaintiffs how many people are on that list.  Plaintiffs shall send the third-party company a set of non-repeating, randomly selected numbers which correspond to 5% of the people on the numbered list.  The third-party company shall provide the names and contact information of those people to Plaintiffs.

**IT IS SO ORDERED.**

Dated: 11/3/15

_____
HOWARD R. LLOYD
United States Magistrate Judge