E-Filed 11/9/15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUVENTINA MATA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MANPOWER INC. / CALIFORNIA PENINSULA, et al.,<br><br>    Defendants. | Case No.  14-cv-03787-LHK   (HRL)<br><br>**ORDER ON DISCOVERY DISPUTE JOINT REPORT 2**<br><br>Re: Dkt. No. 37 |

Plaintiffs Claudia Padilla and Lesli Guido ("Plaintiffs") bring this wage and hour class action against Defendants Manpower, Inc./California Peninsula, Manpower US Inc., ManpowerGroup Inc., and ManpowerGroup US Inc. ("Defendants").  The parties filed discovery dispute joint report ("DDJR") 2 because they disagree over whether Defendants have fully provided the disclosures required by Federal Rule of Civil Procedure ("FRCP") 26(a)(1)(A).

In particular, Plaintiffs argue Defendants failed to provide: (1) the addresses and phone numbers of the disclosed potential witnesses; (2) clear descriptions of the discoverable information that each witness might possess; (3) the names and addresses of putative class members who might possess information about liability and damages; and (4) adequately clear descriptions of the documents that might support Defendants' defenses.  Dkt. No. 37 at 7-8. Plaintiffs also argue that Defendants refuse to produce witnesses for depositions.  Dkt. No. 37 at 2. Plaintiffs therefore request an order under FRCP 37(c) that Defendants shall not be permitted to use "any information or witness not timely disclosed for any purpose, including: to supply evidence on a motion, at a hearing, or at a trial."  Dkt. No. 37 at 9.  Defendants respond that: (1) there is "no basis" to request the addresses and phone numbers of potential witnesses, especially

when Plaintiffs' witness disclosures under FRCP 26(a)(1)(A)(i) are similar to Defendants' disclosures; (2) even if Defendants' disclosures are not technically adequate under FRCP 26(a)(1)(A), Plaintiffs have not been prejudiced because past discovery conducted in a similar case has already provided Plaintiffs with the information they need in order to design their discovery requests in this case; (3) FRCP 26(a)(1)(A) does not require a party to explain how certain documents will play into specific legal theories; and (4) sanctions are not appropriate because Defendants have made good-faith attempts to satisfy Plaintiffs' concerns. Dkt. No. 37 at 3-4, 9-10.

**Discussion**

It appears that Defendants and Plaintiffs have, together, failed to adequately disclose the contact information of their potential witnesses in their initial disclosures. FRCP 26(a)(1)(A)(i) requires each party to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]" Defendants have disclosed several specific employees who "may have" discoverable information, but Defendants have not disclosed the addresses or telephone numbers of those employees. Instead, Defendants have directed Plaintiffs to contact those potential witnesses through Defendants' lawyers. Dkt. No. 37-1 at 4-5. Plaintiffs also disclosed several potential witnesses and, instead of providing addresses and phone numbers, directed Defendants to contact those witnesses "through counsel for Plaintiffs." Dkt. No. 37-2 at 3-4.

Nevertheless, sanctions under FRCP 37(c) are not triggered if inadequate initial disclosures are harmless. The parties have not argued that their technical violations of FRCP 26(a)(1)(A)(i) have harmed them in any particular way. At most, Plaintiffs claim in a footnote that Defendants have not agreed to either produce witness addresses or else to produce witnesses for depositions. Dkt. No. 37 at 2 n.1. Plaintiffs do not argue, however, that Defendants have actually failed to facilitate compliance with any particular subpoena. And Defendants assert they have "agreed to accept service of any deposition notice" and that they are "arranging for the

2

depositions" requested by Plaintiffs. Dkt. No. 37 at 9. The court concludes the parties' mutual failure to disclose witness addresses and phone numbers has been harmless; the court therefore shall not issue FRCP 37(c) sanctions on the basis of that mutual failure.

Defendants are not required, however, to produce the name, address, and phone number of each putative class member. An order may modify the presumptive disclosure requirements of FRCP 26(a)(1)(A), and the court has previously ordered that certain procedures shall be used to produce the contact information for a small percentage of the putative class rather than for every putative class member. Dkt. No. 83 at 3. The court nevertheless cautions Defendants, in light of FRCP 37(c), that it might be prudent to also produce the contact information of any specific putative class member whose testimony might be relied upon by Defendants later, even if a separate discovery order does not require Defendants to produce that putative class member's contact information.

The court agrees with Defendants that they have adequately disclosed the categories of documents their defenses might rely upon as required by FRCP 26(a)(1)(A)(ii). Plaintiffs specifically object to the vagueness of certain categories—for example, "related documents" and "documents that applied to Plaintiffs"—but these direct quotations strip out key words and misrepresent the higher degree of specificity that exists in Defendants' disclosed document categories. The nebulous category of "documents that applied to Plaintiffs" actually refers to the more informative category of "Defendants' policy documents that applied to Plaintiffs[.]" Dkt. No. 37-1 at 5. Likewise, the vague category of "related documents" actually references the significantly more specific category of "Plaintiffs' personnel files and related documents[.]" Dkt. No. 37-1 at 5. The categories disclosed by Defendants provide Plaintiffs with adequate descriptions of the kinds of documents that might support the defenses raised by Defendants, and Defendants need not provide a more detailed set of categorical descriptions.

Even if Plaintiffs are correct that documents in the disclosed categories could not possibly support certain defenses raised by Defendants, Plaintiffs do not argue that Defendants have actually attempted to rely upon a document that belongs to a surprising, undisclosed category. To

3

the extent that Plaintiffs request a preemptive FRCP 37(c) sanction based on the speculation that gamesmanship might occur in the future, the court denies that request as premature.

Defendants have also adequately described the information that might be discoverable from each disclosed potential witness. FRCP 26(a)(1)(A)(i) requires a party to disclose "the subjects" of the discoverable information that a potential witness may possess. Defendants initially disclosed that each potential witness might have "information regarding liability and damages." Dkt. No. 37-1 at 4-5. Those generic disclosures may have been inadequate, but Defendants cured any such defect with an amended initial disclosure statement. Defendants' amended statement describes, for each witness, specific and relevant information that the witness is likely to possess. For instance, one particular witness "may have information regarding Defendants' operations in the West Division, including procedures relating to the hiring, onboarding, and off-boarding of their temporary associates." Dkt. No. 37-1 at 12-13. Defendants' amended disclosures adequately describe the discoverable information that each witness might possess.

**Conclusion**

The parties jointly failed to adequately disclose witness contact information, but that failure was harmless.[1] Defendants' other initial disclosures complied with FRCP 26(a)(1)(A). The court shall not issue sanctions under FRCP 37(c).

**IT IS SO ORDERED.**

Dated: 11/9/15

_____
HOWARD R. LLOYD
United States Magistrate Judge

---

[1] The court hopes the first two DDJRs are not initial salvos that foreshadow a discovery war. If the parties think that might be the case, the parties are urged to forthrightly advise the court so that it may consider whether to appoint a special master.