United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUVENTINA MATA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MANPOWER INC. / CALIFORNIA PENINSULA, et al.,<br><br>    Defendants. | Case No. 14-CV-03787-LHK<br><br>**ORDER REGARDING REQUEST TO CORRECT AND CLARIFY SUMMARY JUDGMENT ORDER**<br><br>Re: Dkt. No. 147 |

In this putative class action, on February 8, 2016, Plaintiffs Claudia Padilla and Lesli Guido filed a request, ECF No. 147, that this Court clarify two aspects of its January 31, 2016 Order Granting in Part and Denying in Part Defendants' Motion for Partial Summary Judgment ("Summary Judgment Order"), ECF No. 144.

First, Plaintiffs point out that page 17 of the Summary Judgment Order incorrectly indicates that certain responses to requests for admission were Plaintiffs' responses, when in fact the responses were Defendants' responses. Defendants agree that the Summary Judgment Order's citation to the responses was incorrect. ECF No. 148 at 1. Under Federal Rule of Civil Procedure 60, the Court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).

Accordingly, the Court will issue an amended Summary Judgment Order pursuant to Rule 60(a) that corrects this error and removes reference to any responses to requests for admission. The Court notes that the cited request for admission responses have no impact on the outcome of the Court's Summary Judgment Order.

Second, Plaintiffs seek clarification of the Summary Judgment Order's effect, if any, on the size of the putative class. Specifically, Plaintiffs now request that the Court "clarify" whether Guido and Padilla may serve as class representatives for 47,000 individuals whose wage statements identify Manpower US Inc. as their employer under the theory that another named Defendant may jointly employ such Manpower US Inc. employees. ECF No. 147 at 1-2.

The Summary Judgment Order bars the relief that Plaintiffs seek. This Court explained that Defendants Manpower, Inc./California Peninsula ("Manpower CP") and Manpower US Inc. are wholly-owned subsidiaries of ManpowerGroup Inc. (which was formerly known as Manpower Inc.). ECF No. 144 at 2. The summary judgment record established beyond any genuine dispute that Manpower CP—and not Manpower US Inc.—employed Guido and Padilla. *See, e.g.*, *id.* at 19 (citing the named Plaintiffs' wage statements). The Summary Judgment Order concluded that "because Manpower US [Inc.] was not an employer or joint employer of Guido and Padilla, the named Plaintiffs do not have standing to sue Manpower US [Inc.] for violations under the California Labor Code and related provisions." *Id.* at 21. Pursuant to the Summary Judgment Order, Guido and Padilla do not have standing to sue Manpower US Inc. either alone or under a joint employer theory.

The substance of Plaintiffs' motion is not to request clarification but to request reconsideration of this Court's Summary Judgment Order. Pursuant to Civil Local Rule 7–9(a), "any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9(b). No party may notice a motion for reconsideration without first obtaining leave of Court." Plaintiffs' motion is procedurally defective because Plaintiffs did not obtain leave to move for reconsideration.

1  Even if Plaintiffs had obtained leave to file a motion for reconsideration, Plaintiffs would not be entitled to add 47,000 Manpower US Inc. employees to the putative class. Civil Local Rule 7-9(b) provides three grounds for reconsideration of an interlocutory order:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

In general, motions for reconsideration should not be frequently made or freely granted. *See generally Twentieth Century–Fox Film Corp. v. Dunnahoo,* 637 F.2d 1338, 1341 (9th Cir. 1981). Plaintiffs have not suggested that the law or the facts have changed since the parties submitted summary judgment briefs. Despite the fact that Plaintiffs have been litigating in multiple cases in both federal and state court against the Manpower entities for more than three years, Plaintiffs have failed to identify a named Plaintiff in this action with standing to sue Manpower US Inc. Nor have Plaintiffs argued that this Court failed to consider material facts or dispositive legal arguments that were presented before this Court issued its Summary Judgment Order.

Accordingly, Plaintiffs' request for leave to file a motion for reconsideration is DENIED. Plaintiffs may not add 47,000 Manpower US Inc. employees to the putative class in this case.

**IT IS SO ORDERED.**

Dated: March 14, 2016

_____
LUCY H. KOH
United States District Judge