United States District Court
Northern District of California

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11
12

JUVENTINA MATA, et al.,

13

Plaintiffs,

14

v.

15

MANPOWER INC. / CALIFORNIA
PENINSULA, et al.,

16
17

Defendants.

Case No. 14-CV-03787-LHK

**ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO
STRIKE**

Re: Dkt. No. 134

18          Plaintiffs Lesli Guido and Claudia Padilla ("Plaintiffs") bring this action against

19   Defendants Manpower Inc.; Manpower, Inc./California Peninsula; and ManpowerGroup US Inc.

20   (collectively, "Defendants").  Before the Court is Defendants' motion to strike certain allegations

21   in the Second Amended Complaint.  ECF No. 134 ("Mot.").  The Court finds this motion suitable

22   for decision without oral argument pursuant to Civil Local Rule 7-1(b) and thus vacates the

23   motion hearing set for March 17, 2016, at 3:30 p.m.  Having considered the parties' submissions,

24   the relevant law, and the record in this case, the Court GRANTS IN PART and DENIES IN PART

25   Defendants' motion to strike.

26   **I.      BACKGROUND**

27          **A.  Factual Background**

28
1

United States District Court
Northern District of California

1    Defendant Manpower Inc. ("Manpower Inc."), is a Wisconsin corporation that "conduct[s]

2 business throughout the State of California."  ECF No. 81 ¶ 8.  Manpower Inc. "own[s], operate[s]

3 and control[s] a business for the purpose of operating an employment agency" for temporary

4 service workers.  *Id.* ¶ 18–19.  Manpower Inc. employed temporary service workers in California

5 from 2009 to 2013.  ECF No. 133 at 25.  In January 2013, Manpower Inc. changed its name to

6 ManpowerGroup Inc. ("ManpowerGroup"). ECF No. 137 at 4; ECF No. 133 at 12.  In addition,

7 after this name change, ManpowerGroup ceased employing temporary service workers in

8 California.  Any temporary service workers previously employed by Manpower Inc. were

9 transferred to one of Manpower Inc.'s subsidiaries.

10    Defendant Manpower, Inc./California Peninsula ("Manpower CP") is a California

11 corporation that began operations in 1968.  ECF No. 48-2 at 1.  In 2008, Manpower Inc. purchased

12 Manpower CP, ECF No. 81 ¶ 15, and Manpower CP became a subsidiary of Manpower Inc., ECF

13 No. 133 at 25.  Unlike Manpower Inc., Manpower CP continues to employ temporary service

14 workers in California.

15    Defendant ManpowerGroup US Inc. ("ManpowerGroup US"), is a Wisconsin corporation.

16 ECF No. 81 ¶ 9.  ManpowerGroup US provides back-office services and upper-level operational

17 oversight for Manpower CP.  ManpowerGroup US does not employ temporary service workers in

18 California, and it is unclear whether ManpowerGroup US has a parent-subsidiary relationship with

19 any of the other Defendants.

20    Plaintiff Claudia Padilla ("Padilla") was employed by Manpower CP from December 2011

21 to March 2014.  ECF No. 81 ¶ 38.  Plaintiff Lesli Guido ("Guido") was employed by Manpower

22 CP from March 2011 to October 2011.  *Id.* ¶ 48.  A third Plaintiff, Juventina Mata, was dismissed

23 from the instant action after the parties discovered that "there [was] no record of Ms. Mata ever

24 having worked for any of the Defendants."  ECF No. 38 at 5.

25    Although Plaintiffs have filed three complaints, Plaintiffs' core allegations remain the

26 same.  Plaintiffs state that they were employed "as Temporary Service Employees [to] perform[]

27 services for Defendants' clients in numerous different industries."  ECF No. 81 ¶ 19.  As part of

28

2

1    their employment, Plaintiffs allege that Defendants required Plaintiffs to attend an orientation as

2    well as trainings related to Defendants' timekeeping and other internal processes. *Id.* ¶ 23.

3    Plaintiffs further aver that they were required to attend client-specific orientations and meetings,

4    which included post-termination meetings. *Id.* Plaintiffs assert that Defendants did not pay

5    Plaintiffs for engaging in these activities, did not reimburse Plaintiffs for expenses incurred related

6    to these activities, and did not provide accurate wage statements to reflect Plaintiffs' participation

7    in these activities. *Id.*

8    **B. Procedural History**

9    Because the instant motion implicates complaints filed in four separate lawsuits, the Court

10   briefly summarizes the procedural history of these four cases before reviewing in greater detail the

11   procedural history of the instant action.

12   **1. *Willner v. Manpower Inc.*, No. 11-CV-2846-JST ("*Willner I*")**

13   On March 17, 2011, Vera Willner ("Willner"), an employee of Manpower Inc., "br[ought]

14   [a] . . . putative class action against Manpower [Inc.] for California Labor Code violations

15   stemming from Manpower [Inc.]'s failure to furnish accurate wage statements and failure to

16   timely pay all wages to employees who received their wages by U.S. mail." *Willner v. Manpower*

17   *Inc.*, No. 11-CV-2846-JST ("*Willner I*"), ECF No. 196 ("*Willner* Prelim. Approval") at 1 (internal

18   quotation marks and alteration omitted). The case was assigned to U.S. District Judge Jon Tigar.

19   Although Willner eventually amended her complaint five times, Manpower Inc. was the

20   only named defendant in all six of her complaints. Willner was not employed by Manpower CP,

21   and Willner did not name either Manpower CP or ManpowerGroup US as defendants in *Willner I*.

22   In the operative complaint, Willner asserted the following five causes of action: "(1)

23   violations of California Labor Code section 201.3(b)(1) for failure to pay timely weekly wages;

24   (2) violations of California Labor Code section 226 for failure to furnish accurate wage

25   statements; (3) violations of California's Unfair Competition Law ('UCL') for failure to provide

26   accurate wage statements and to pay timely wages; (4) penalties under the Private Attorney

27   General Act ('PAGA') for failure to provide accurate wage statements and to pay timely wages;

28

Case No. 14-CV-03787-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

United States District Court
Northern District of California

1   and (5) violations of California Labor Code sections 201 and 203 for failure to pay timely wages

2   due at separation." *Id.* at 1–2.

3        On August 1, 2014, the parties in *Willner I* filed a motion for preliminary approval of a

4   class action settlement. *Willner I*, ECF No. 150. Plaintiffs in the instant case—Guido and

5   Padilla—objected to this preliminary approval motion. *Willner I*, ECF No. 154. Manpower Inc.

6   responded to Guido and Padilla's objections by arguing that Guido and Padilla "lack[ed] standing

7   to object" because they had been employed by Manpower CP, not Manpower Inc. *Willner I*, ECF

8   No. 162 at 1–2. Furthermore, Manpower Inc. contended that Willner's request for damages was

9   "predicated upon the late mailing of paychecks," whereas the underlying claim in *Mata* involves a

10  "failure to pay any wages whatsoever for certain hours worked." *Id.* at 4 (emphasis removed).

11  Accordingly, Manpower Inc. argued that "the claims in *Mata* are unrelated to the claims in

12  [Willner's] Fifth Amended Complaint." *Id.*

13       In light of Guido and Padilla's objections and Manpower Inc.'s response, Judge Tigar

14  ordered "the *Willner* [*I*] parties to clarify the release language [in the *Willner I* settlement] so as to

15  ensure that the *Willner* [*I*] class d[oes] not overlap with the Mata class." *Padilla v. Willner*, 2016

16  WL 860948, *2 (N.D. Cal. Mar. 7, 2016). The *Willner I* parties complied with Judge Tigar's

17  request, and subsequently filed a renewed motion for preliminary approval. Once again, Guido

18  and Padilla filed objections.

19       In addition, on September 3, 2014, Guido and Padilla moved to relate the instant case to

20  *Willner I*. *Willner I*, ECF No. 171. On September 19, 2014, Judge Tigar denied Guido and

21  Padilla's motion to relate. *Willner I*, ECF No. 183. Specifically, Judge Tigar determined that:

22       The claim in *Mata* is founded on a different legal theory than the one presented
         [in *Willner I*], and on a different set of alleged facts. The two cases therefore do
23       not "concern substantially the same parties, property, transaction or event" and it
         is unlikely "that there will be an unduly burdensome duplication of labor and
24       expense or conflicting results if the cases are conducted before different Judges."

25  *Id.* at 2 (citations omitted).

26       On January 2, 2015, Judge Tigar overruled Guido and Padilla's objections to the amended

27  *Willner I* settlement and granted the renewed motion for preliminary approval. Judge Tigar found

28
    Case No. 14-CV-03787-LHK
    ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

"that the amended settlement agreement ha[d] corrected the . . . deficiencies [previously]

identified," as "the parties have revised the language of the release to clarify that it applies only to

claims that 'arise out of the allegations in the [*Willner*] lawsuit.'" *Willner* Prelim. Approval at 4–

5. Judge Tigar's Preliminary Approval Order defined the settlement class as follows:

> All persons who were or are employed by Manpower Inc. in California as
> temporary employees at any time from March 17, 2010 through January 20, 2012
> and who received their wage statements (i.e. paystub) by U.S. mail, payment card
> or electronic submission, except individuals who were or are at the same time
> jointly employed by a franchisee of Manpower Inc., including but not limited to,
> franchisee CLMP LTD., dba Manpower of Temecula.

*Id.* at 6. Judge Tigar granted final approval of the class action settlement in *Willner I* on June 22,

2015. *Willner I*, ECF No. 208.

### 2. *Padilla v. Willner*, 15-CV-4866-JST ("*Willner II*")

On October 22, 2015, Guido and Padilla brought suit against Willner and Manpower Inc.

*Padilla v. Willner* ("*Willner II*"), 15-CV-4866-JST. Pursuant to Federal Rule of Civil Procedure

60(b), which allows parties to seek relief "from a final judgment, order, or proceeding," Guido and

Padilla sought, in *Willner II*, to set aside the Final Approval Order in *Willner I*. Fed. R. Civ. P.

60(b).

*Willner II* was originally assigned to U.S. District Judge Thelton Henderson, but was later

reassigned to Judge Tigar after Judge Tigar found *Willner II* to be related to *Willner I*. *Willner II*,

ECF No. 20. In December 2015, the *Willner II* defendants filed separate motions to dismiss.

*Willner II*, ECF No. 24 & 26. On March 7, 2016, Judge Tigar granted these motions to dismiss

with prejudice. *Padilla v. Willner*, 2016 WL 860948 (N.D. Cal. Mar. 7, 2016).

In reaching this decision, Judge Tigar observed that, "under well-established principles of

comity, it would be very much improper to grant Plaintiffs the relief they request." *Id.* at *5.

Indeed, "Plaintiffs . . . appear to be seeking relief in this Court in order to avoid those rulings in

the *Mata* case they don't like. Under these circumstances, abstention is appropriate." *Id.*

In addition to principles of comity, Judge Tigar also found that "Plaintiffs lack[ed]

standing to request [that] the *Willner* [*I*] settlement be vacated because they were never members

Case No. 14-CV-03787-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

1  of the *Willner* [*I*] class and were therefore unaffected by the order approving the *Willner* [*I*]

2  settlement." *Id.* at *6; *see also id.* at *7 ("[Plaintiffs'] alleged injury fails to meet *any* of the

3  elements of standing.") (emphasis added).

### 3. *Ramirez v. Manpower Inc.*, No. 13-CV-2880-BLF ("*Ramirez I*")

5  On February 13, 2013, Patricia Ramirez ("Ramirez"), who was employed by Manpower

6  CP from January 1 to January 25, 2013, filed suit against Manpower Inc. and against various

7  unnamed Doe Defendants. *Ramirez v. Manpower Inc.* ("*Ramirez I*"), No. 13-CV-2880-BLF.

8  Ramirez was represented by the same counsel as counsel for Plaintiffs in the instant case.  On May

9  3, 2013, Ramirez "substituted Defendants DOE 1 and DOE 2 with Defendants ManpowerGroup

10  Public Sector Inc. . . . and ManpowerGroup US . . . , respectively." *Ramirez I*, ECF No. 1 at 2.

11  The case was initially assigned to U.S. District Judge Edward Davila, and was later reassigned to

12  U.S. District Judge Beth Freeman.  *Ramirez I*, ECF No. 59.

13  The allegations in *Ramirez I* are substantially similar to the allegations in the instant case.

14  The original complaint in *Ramirez I*, for instance, alleges that "Defendants maintained a policy

15  and practice throughout the Class Period of requiring employees to attend unpaid training sessions

16  for employees and whose employment had been terminated by Defendants at Defendants'

17  customer(s) request, to attend a termination meeting at Defendants' local office, or other place

18  designated by Defendants, without paying those employees for the time they spent attending such

19  meetings." *Ramirez I*, ECF No. 1 ("*Ramirez I* Compl.") ¶ 19.  The Class Period in *Ramirez I* was

20  "defined as the period of time beginning four years before the commencement of this action

21  through the date on which each class or subclass herein is confirmed." *Id.* ¶ 2.  Because *Ramirez I*

22  was filed on February 13, 2013, the original *Ramirez I* Class Period began on February 13, 2009.

23  Ramirez asserted the following causes of action in the original complaint: (1) failure to pay

24  reporting time pay, in violation of California Labor Code § 218; (2) knowing and intentional

25  failure to comply with itemized employee wage statement provisions, in violation of California

26  Labor Code §§ 226(a), 1174, and 1175; (3) failure to pay wages timely, in violation of California

27  Labor Code § 204; (4) violation of California Labor Code § 216; (5) failure to pay all wages upon

28

Case No. 14-CV-03787-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

United States District Court
Northern District of California

United States District Court
Northern District of California

1    termination, in violation of California Labor Code §§ 201, 202, and 203; and (6) violation of the

2    UCL. *Id.* at ¶¶ 41–79.

3         On January 13, 2014, the *Ramirez I* court granted a motion to join Manpower CP as a

4    defendant in *Ramirez I*. *Ramirez I*, ECF No. 31 at 6–7. On January 31, 2014, Ramirez filed an

5    amended complaint. *Ramirez I*, ECF No. 32. This complaint asserted the same causes of action as

6    the original complaint, along with additional causes of action for: (1) compensation for unpaid

7    wages, pursuant to California Labor Code §§ 1194 and 1198 and IWC Wage Order No. 4-2001,

8    and (2) enforcement of the California Labor Code under PAGA. *Id.* ¶¶ 60–62, 94–96. The

9    amended complaint defined the Class Period as: "the period of time beginning four years before

10   the commencement of this action (February 13, 2013 as to Manpower, Inc.; ManpowerGroup

11   Public Sector, Inc.; and ManpowerGroup US Inc.; and April 12, 2013 as to Manpower, Inc./

12   California Peninsula) through the date on which [the class] is confirmed." *Id.* ¶ 2.

13        On May 22, 2014, the *Ramirez I* defendants moved for summary judgment. On July 10,

14   2014, Judge Freeman granted summary judgment in favor of the *Ramirez I* defendants. *Ramirez I*,

15   ECF No. 111. During the pendency of *Ramirez I*, Ramirez had filed a petition for Chapter 7

16   bankruptcy in the United States Bankruptcy Court for the Northern District of California. *Id.* at 3.

17   Ramirez, however, "did not disclose" her involvement in *Ramirez I* "in her Schedule of Assets."

18   *Id.* As Judge Freeman explained, "[i]n the bankruptcy context, the federal courts have developed a

19   basic default rule: If a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the

20   bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the

21   action." *Id.* at 6. Pursuant to this rule, Judge Freeman determined that Ramirez was barred from

22   moving forward with *Ramirez I*.

23        **4. *Ramirez v. Manpower CP*, No. 13-CV-3238-EJD ("*Ramirez II*")**

24        On April 12, 2013, Ramirez filed a second putative class action lawsuit, this time against

25   Manpower CP. *Ramirez v. Manpower, Inc./California Peninsula* ("*Ramirez II*"), No. 13-CV-

26   3238-EJD. As in *Ramirez I*, Ramirez was represented by the same counsel as counsel for

27   Plaintiffs in the instant case in *Ramirez II*. *Ramirez II* was assigned to U.S. District Judge Edward

28
7

1    Davila.

2        The *Ramirez II* complaint contained the same causes of action as *Ramirez I*, based on the

3    same allegations.  *See, e.g.*, *Ramirez II*, ECF No. 25 at 1 (*Ramirez II* court observing that *Ramirez*

4    *I* and *Ramirez II* "allege[] substantially similar, if not identical, [California] Labor Code

5    violations.").  The only apparent difference was the defendants named in the respective actions:

6    Manpower Inc.; ManpowerGroup Public Sector, Inc.; and ManpowerGroup US were named as

7    defendants in *Ramirez I*, and Manpower CP was named as defendant in *Ramirez II*.  After

8    Manpower CP was joined as a defendant in *Ramirez I*, Judge Davila issued an Order to Show

9    Cause "why [*Ramirez II*] should not be dismissed as [being] duplicative of [*Ramirez I*]."  *Id.* at 2.

10   In response to this Order, the *Ramirez II* parties filed a stipulation of dismissal on January 21,

11   2014.  *Ramirez II*, ECF No. 26.

12       **5.  The Instant Action**

13       Plaintiffs filed the original complaint in the instant case on May 29, 2014.  ECF No. 1-1

14   ("Compl.").  This complaint named Manpower CP, Manpower US Inc., Manpower Inc.,

15   ManpowerGroup Public Sector Inc., and ManpowerGroup US as Defendants, Compl. ¶¶ 6–10, and

16   asserted the following six causes of action: (1) failure to pay reporting time pay, in violation of

17   California Labor Code § 218; (2) failure and refusal to pay agreed wages, in violation of

18   California Labor Code §§ 201, 202, 204, 216, 218, 221, 223, 1194, and 1198, Wage Order No. 4-

19   2001, and 8 CCR § 11040(11); (3) knowing and intentional failure to comply with itemized

20   employee wage statement provisions, in violation of California Labor Code §§ 226(a), 1174, and

21   1175 and Wage Order No. 4-2001; (4) failure to pay wages timely, in violation of California Labor

22   Code § 204; (5) failure to pay all wages upon termination, in violation of California Labor Code

23   §§ 201, 202, and 203; and (6) violation of the UCL.  *Id.* ¶¶ 46–94.

24       Plaintiffs sought to represent a class comprised of "[a]ll current and former employees of

25   Defendants who worked in California . . . during [a specific] Class Period."  *Id.* ¶ 36.  The original

26   complaint defined the Class Period as "the period of time beginning four years before the

27   commencement of this action through the date on which each class or subclass herein is

28

8

United States District Court
Northern District of California

1    confirmed." *Id.* ¶ 2.  Because Plaintiffs filed their original complaint on May 29, 2014, the Class

2    Period in the original complaint began on May 29, 2010.

3              On July 21, 2014, Plaintiffs filed their First Amended Complaint ("FAC").  ECF No. 1-2

4    ("FAC").  The FAC continued to name Manpower CP, Manpower US Inc., Manpower Inc.,

5    ManpowerGroup Public Sector Inc., and ManpowerGroup US Inc. as Defendants.  In addition to

6    the six causes of action alleged in the original complaint, the FAC added the following causes of

7    action: (1) violation of California Labor Code § 216; (2) failure to pay minimum wages, in

8    violation of California Labor Code §§ 1197 and 1199 and the Wage Order; and (3) enforcement of

9    the California Labor Code under PAGA.  FAC ¶¶ 100–15, 142–50.  Finally, the FAC defined the

10   Class Period as "the period of time beginning February 13, 2009, through the date of entry of

11   Judgment herein." *Id.* ¶ 2.

12             On August 11, 2015, the parties filed a stipulation of dismissal as to ManpowerGroup

13   Public Sector Inc., as the parties acknowledged that ManpowerGroup Public Sector Inc. did not

14   employ temporary non-exempt workers in California during the Class Period.  ECF No. 42.

15             On August 13, 2015, Plaintiffs moved for leave to file a Second Amended Complaint.

16   Plaintiffs' proposed Second Amended Complaint sought to: "(1) name ManpowerGroup [] as a

17   Defendant, taking into account an alleged name change from Manpower Inc. . . . to

18   ManpowerGroup []; (2) revise the FAC's proposed class definitions; and (3) allege an earlier date

19   of March 17, 2007 for the beginning of the Class Period based on the argument that putative class

20   action complaints filed in *Willner* [*I*] tolled the applicable statutes of limitations."  ECF No. 78

21   ("SAC Order") at 5.

22             On October 29, 2015, the Court granted in part and denied in part Plaintiffs' motion.  The

23   Court granted Plaintiffs' proposal to name ManpowerGroup as a Defendant, as "Defendants [had]

24   concede[d] that the corporate entity changed its name as Plaintiffs allege." *Id.* at 6.  The Court

25   also granted Plaintiffs' proposal to revise Plaintiffs' class definitions.  Although Defendants had

26   put forth several arguments against this amendment, the Court found "that questions about which

27   individuals are members of each subclass are more properly addressed at the class certification

28

United States District Court
Northern District of California

Case No. 14-CV-03787-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

stage than in determining whether a proposed amendment would be futile." *Id.* at 9.

Finally, the Court denied Plaintiffs' request to allege an earlier date for the Class Period based on *Willner I*. After discussing pertinent U.S. Supreme Court and Ninth Circuit precedent, the Court concluded "that the present case involves issues that were not present in *Willner* [*I*]." *Id.* at 12. Plaintiffs, in fact, had "admitted that the claims in the two cases are not the same." *Id.* Thus, "Plaintiffs cannot rely on *Willner* [*I*] to toll the statute of limitations." *Id.* Additionally, the Court observed that "the *Mata* Plaintiffs are *not* on the *Willner* [*I*] class list." *Id.* "The fact that the Plaintiffs in the present action were not members of the class in *Willner* [*I*] is [yet] a[nother] reason [why] tolling does not apply and [why] amendment would be futile." *Id.* at 13.

On November 2, 2015, Plaintiffs filed their Second Amended Complaint. ECF No. 81 ("SAC"). Although the Court had denied Plaintiffs' attempt to allege an earlier Class Period based on *Willner I*, the SAC nonetheless refers to *Willner I*. Specifically, the SAC defines the Class Period as follows:

> [T]he period of time beginning February 13, 2009, through the date of entry of Judgment herein, based upon the fact that putative class action complaints were filed in *Willner v. Manpower, Inc.* [*Willner I*], U.S.D.C., Northern District of California Case No. 3:11-cv-02846-JST, filed on March 17, 2011, and *Ramirez v. Manpower, Inc./California Peninsula* [*Ramirez II*], U.S.D.C. Northern District of California Case No. 5:13-cv-02880-EJD, filed on April 12, 2013, and these actions define proposed classes and alleged claims that overlap with the proposed classes and claims alleged herein.

SAC ¶ 2.

In addition, despite the Court's clear language regarding the significant differences between the *Willner* litigation and the instant action, Plaintiffs filed a motion to relate the instant action to *Willner II*. On October 30, 2015, the Court denied Plaintiffs' motion to relate. ECF No. 80.

On August 27, 2015, while Plaintiffs' motion for leave to file the SAC was still pending, Defendants moved for partial summary judgment. ECF No. 48. "Defendants move[d] for summary judgment on two grounds." ECF No. 144 at 10. "First, Manpower Inc. (now known as ManpowerGroup []) contend[ed] that the settlement and release in *Willner* prohibits the putative

10

1   class members from pursuing [certain claims] in the instant case." *Id.* at 11.  "Second, Manpower

2   US contend[ed] that the named Plaintiffs were employed only by Manpower CP and not

3   Manpower US, and thus Plaintiffs lack[ed] standing to sue Manpower US." *Id.*

4         On January 31, 2016, the Court granted in part and denied in part Defendants' motion for

5   partial summary judgment.  The Court found in Defendants' favor as to Plaintiffs' standing to

6   bring suit against Manpower US, and Manpower US was thus dismissed from this action with

7   prejudice.  ECF No. 146.  However, the Court denied summary judgment as to Defendants'

8   contention that the "release in *Willner* prohibits the putative class members [in *Mata*] from

9   pursuing [various claims]."  ECF No. 144 at 11.  This Court noted that, "[b]ased on Manpower

10  Inc.'s representations regarding the scope of the *Willner* [*I*] settlement," the "release [in *Willner I*]

11  was only intended to encompass claims based on untimely receipt of paychecks, not claims such

12  as those here," which are "based on a complete failure to pay." *Id.* at 13.  The Court thus again

13  reiterated the significant differences between the claims at issue in the instant suit and the claims

14  in *Willner I*.[1]

15        On December 8, 2015, Defendants filed the instant motion to strike, which seeks to strike

16  the following allegations from paragraph 2 of the SAC:

        [T]he period of time beginning February 13, 2009, through the date of entry of
17      Judgment herein, based upon the fact that putative class action complaints were
        filed in *Willner v. Manpower, Inc*., U.S.D.C., Northern District of California Case
18      No. 3:11-cv-02846-JST, filed on March 17, 2011, and *Ramirez v. Manpower,*
        *Inc./California Peninsula*, U.S.D.C. Northern District of California Case No.
19      5:13-cv-02880-EJD, filed on April 12, 2013, and these actions define proposed
        classes and alleged claims that overlap with the proposed classes and claims
20      alleged herein.

21

22  Mot. at 1.  Defendants filed a request for judicial notice in support of Defendants' motion to strike.

23  ECF No. 135.  On December 22, 2015, Plaintiffs filed a response to Defendants' motion to strike,

24  which also includes a request for judicial notice.  ECF No. 137 ("Opp'n").  On December 29,

25  _____

26  [1] On March 14, 2016, the Court issued an amended Summary Judgment Order.  ECF No. 154.
    This amended Order corrects an error in the Court's January 31, 2016 Summary Judgment Order,
27  which has "no impact on the outcome of the Court's [January 31, 2016] Summary Judgment
    Order" and does not concern the issues raised in the instant motion to strike.  ECF No. 153.

28
    Case No. 14-CV-03787-LHK
    ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

1  2015, Defendants filed a reply.  ECF No. 138 ("Reply").

2  **II.      JUDICIAL NOTICE**

3      **A. Defendants' Request for Judicial Notice**

4          Defendants request judicial notice of the following documents: (1) the original complaint

5  in *Ramirez I*, (2) the original complaint in *Ramirez II*, (3) the amended complaint in *Ramirez I*,

6  and (4) the judgment in *Ramirez I*.  ECF No. 135 at 1.  Plaintiffs do not oppose this request for

7  judicial notice.  Plaintiffs' own request for judicial notice in fact also seeks judicial notice of (1)

8  the original complaint in *Ramirez I*, (2) the original complaint in *Ramirez II*, and (3) the amended

9  complaint in *Ramirez I*.

10          The Court finds that all four of these documents are subject to judicial notice.  *See Reyn's*

11  *Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding that "court

12  filings and other matters of public record" are subject to judicial notice); *Lee v. City of Los*

13  *Angeles*, 250 F.3d 668, 689 (9th Cir. 2011) ("[A] court may take judicial notice of matters [in the]

14  public record.") (internal quotation marks omitted).  Accordingly, Defendants' request for judicial

15  notice is GRANTED.

16      **B. Plaintiffs' Request for Judicial Notice**

17          In addition to the documents above, Plaintiffs also request that the Court take judicial

18  notice of several other court filings.  Specifically, Plaintiffs request judicial notice of (1) the

19  stipulation of dismissal in *Ramirez II*, (2) a declaration filed in *Willner I*, (3) and various other

20  filings from the instant case.  ECF No. 137-1 at 3–4.  As with Plaintiffs' request for judicial

21  notice, the Court finds these documents subject to judicial notice.  *Lee*, 250 F.3d at 689.

22          On this particular point, the Court emphasizes that, in granting Plaintiffs' request for

23  judicial notice, the Court does not accept the truth of the allegations asserted in these filings.

24  Rather, the Court simply takes judicial notice that these documents were filed, and of the existence

25  of the allegations in these documents.  *Id.* at 689–90 (holding that a court may take judicial notice

26  of the existence of public records and court documents, but not of disputed facts contained within

27  these documents).  Accordingly, Plaintiffs' request for judicial notice of Exhibits A through I in

28  12

United States District Court
Northern District of California

1   ECF No. 137 is GRANTED.

2       Finally, Plaintiffs request that the Court take judicial notice of excerpted deposition

3   testimony from Mark Horne, an individual whom Defendants designated as a Rule 30(b)(6)

4   witness.  To the Court's knowledge, this deposition testimony has not been publicly filed in this

5   action or in any other action.  Moreover, Defendants object to Plaintiffs' attempt to introduce

6   Horne's deposition testimony.  *See* Reply at 2 ("The truth of the content of . . . deposition

7   testimony is not a clearly established 'fact' of which this Court can take judicial notice.").

8       As the Ninth Circuit has determined, "[t]he accuracy of . . . deposition excerpts, which

9   were never before the district court, could be subject to reasonable dispute," and are therefore

10  generally not subject to judicial notice.  *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007).

11  In addition, Plaintiffs request judicial notice not of the fact that Horne was actually deposed, but

12  for the truth of the matters discussed in Horne's deposition.  Opp'n at 11–13; *see also Lee*, 250

13  F.3d at 689–90.  Finally, the Court does not rely upon Horne's deposition testimony in this Order.

14  *See State Farm Mut. Auto. Ins. Co. v. Marentes*, 2015 WL 6955012, *2 (N.D. Cal. Nov. 10, 2015)

15  ("Because the Court does not rely upon any other exhibits, the Court need not take judicial notice

16  of any other exhibits.").  For these reasons, Plaintiffs' request for judicial notice of Horne's

17  deposition testimony—Exhibit J in ECF No. 137—is DENIED.

18  **III.    LEGAL STANDARD**

19      Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an

20  insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R.

21  Civ. P. 12(f).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and

22  money that must arise from litigating spurious issues by dispensing with those issues prior to

23  trial."  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  Motions to strike

24  "should not be granted unless the matter to be stricken clearly could have no possible bearing on

25  the subject of the litigation."  *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057

26  (N.D.Cal. 2004).  "With a motion to strike, just as with a motion to dismiss, the court should view

27  the pleading in the light most favorable to the nonmoving party."  *Id.*  "Ultimately, whether to

28

Case No. 14-CV-03787-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

1    grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of New*

2    *York Mellon*, 2012 WL 2838957, *2 (N.D. Cal. July 10, 2012).

3    **IV.    DISCUSSION**

4         Defendants advance two general arguments in their motion to strike.  First, Defendants

5    contend that Plaintiffs' "attempt to toll the statute of limitations based on *Willner* [*I*]" is improper.

6    Mot. at 3.  Second, Defendants argue that neither *Ramirez I* nor *Ramirez II* "support [the] . . .

7    Class Period" alleged in the SAC.  *Id.* at 4.  The Court addresses these arguments in turn.

8         **A.  *Willner I* and *Willner II***

9         The Court agrees with Defendants that Plaintiffs' reference in the SAC to *Willner I* is

10   improper.  The Court emphasizes that this is at least the *seventh* time that Plaintiffs have been

11   instructed that *Willner I* and the instant action are not related and that *Willner I* does not therefore

12   toll the statute of limitations for claims in the instant case.

13        First, on September 19, 2014, in *Willner I*, Judge Tigar denied Plaintiffs' attempt to relate

14   the instant action to *Willner I*.  Judge Tigar specifically stated that "[t]he claim in *Mata* is founded

15   on a different legal theory than the one presented [in *Willner I*], and on a different set of alleged

16   facts."  *Willner I*, ECF No. 183 at 2.

17        Second, on January 2, 2015, in *Willner I*, Judge Tigar granted preliminary approval of the

18   *Willner I* settlement.  In reaching this decision, Judge Tigar considered and overruled "the

19   objections raised by Padilla and Guido . . . about the possible 'significant overlap' between the

20   putative class actions in [*Willner I*] and in *Mata*."  *Willner* Prelim. Approval at 5 n.2.  As Judge

21   Tigar observed, the *Willner I* parties had corrected all such deficiencies and had thus eliminated

22   the possibility of overlap between *Willner I* and *Mata*.  *Id.*

23        Third, on October 29, 2015, in the instant case, the Court granted in part and denied in part

24   Plaintiffs' motion for leave to file the SAC.  In the Court's Order, the Court provided two

25   independent reasons for its decision to deny Plaintiffs' request to allege a Class Period based on

26   *Willner I*.  First, "Plaintiffs have admitted that the claims in the two cases are not the same."  SAC

27   Order at 12.  Thus, pursuant to governing U.S. Supreme Court and Ninth Circuit precedent,

28
     Case No. 14-CV-03787-LHK
     ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

United States District Court
Northern District of California

1    "Plaintiffs cannot rely on *Willner* [*I*] to toll the statute of limitations."  *Id.*  Second, because

2    "Plaintiffs in the present action were not members of the class in *Willner* [*I*]," "tolling [based on

3    *Willner I*] does not apply."  *Id.* at 13.   For both of these reasons, the Court concluded that "[a]n

4    amendment to extend the Class Period would be futile."  *Id.* at 12.  Thus, the Court clearly

5    provided Plaintiffs with separate and independent reasons why *Willner I* does not toll the statute of

6    limitations for the claims asserted here.

7           Fourth, on October 30, 2015, in the instant case, the Court denied Plaintiffs' request to

8    relate the instant action to *Willner II*.  The Court found that "the actions [do not] concern

9    substantially the same parties, property, transaction, or event."  ECF No. 80 at 1.

10          Fifth, on January 31, 2016, in the instant case, the Court granted in part and denied in part

11   Defendants' motion for partial summary judgment.  In reaching this decision, the Court again held

12   that the release in *Willner I* does not affect the claims asserted in the instant case.

13          Sixth, on March 7, 2016, in *Willner II*, Judge Tigar dismissed with prejudice Guido and

14   Padilla's suit against Willner and Manpower Inc.  Specifically, Judge Tigar pointed out that

15   "Plaintiffs [Guido and Padilla] lack standing to request [that] the *Willner* [*I*] settlement be vacated

16   because they were never members of the *Willner* [*I*] class and were therefore unaffected by the

17   order approving the *Willner* [*I*] settlement."  *Padilla*, 2016 WL 860948, *6.  Judge Tigar reiterated

18   this point at least two more times in his Order.  *See id.* at *7 ("Plaintiffs were not included in the

19   *Willner* settlement because they were employed by different Manpower entities than the

20   Defendants in *Willner*."); *id.* at *8 ("Plaintiffs were not employed by any Manpower entity before

21   March 2011 and Plaintiffs are not bound by the *Willner* settlement.").  Moreover, as Judge Tigar

22   also observed, Guido and Padilla appeared to be using *Willner II* as a vehicle to "seek relief from

23   orders issued by Judge Koh in the *Mata* case."  *Id.* at *5.  "On this basis alone," Judge Tigar

24   concluded that dismissal of *Willner II* was proper.

25          To summarize, six Orders have been issued—on September 19, 2014; January 2, 2015;

26   October 29, 2015; October 30, 2015; January 31, 2016; and March 7, 2016—which establish that

27   the instant action (1) is not related to *Willner I*, (2) that Plaintiffs were not part of the *Willner I*

28

Case No. 14-CV-03787-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

United States District Court
Northern District of California

1    class, and (3) that Plaintiffs cannot refer to *Willner I* in establishing the Class Period in the instant

2    case.  Plaintiffs have made little effort to explain why, in spite of these six Orders, the SAC

3    nonetheless refers to *Willner I* when defining the Class Period.  Indeed, Plaintiffs' single argument

4    appears to be that "[t]his [C]ourt's [October 29, 2015] order foreclosing Plaintiffs from relying on

5    *Willner* [*I*] to toll the statute of limitations applied only to Plaintiffs' claims for unpaid wages,

6    associated penalties and derivative claims under the Unfair Competition law.  It did not apply to

7    Plaintiffs' wage statement claim."  Opp'n at 1.

8            This argument is without merit.  As an initial matter, Plaintiffs' argument does nothing to

9    address the five other Orders that have been issued over the past eighteen months.  These Orders,

10   consistent with this Court's October 29, 2015 Order, clearly distinguish the claims in *Willner I*

11   from the claims in the instant case.

12           Second, the SAC does not even apply a different Class Period to Plaintiffs' wage statement

13   claim.  Rather, the SAC asserts that all nine causes of action are governed by the same Class

14   Period—a Class Period defined with reference to *Willner I*.  Thus, the SAC fails to even comport

15   with Plaintiffs' own narrow reading of this Court's October 29, 2015 Order.

16           Third, nothing in this Court's October 29, 2015 Order supports the narrow reading adopted

17   by Plaintiffs.  The Court did not, in its October 29, 2015 Order, distinguish between Plaintiffs'

18   wage statement claims and the other claims asserted in Plaintiffs' SAC.  Instead, as the Court

19   noted, "Plaintiffs have admitted that the claims in [*Willner I* and in the instant case] are not the

20   same.  Therefore, this Court finds that Plaintiffs cannot rely on *Willner* to toll the statute of

21   limitations."  SAC Order at 12.

22           Fourth, as an additional and independent reason, the Court stated in its October 29, 2015

23   Order that "Plaintiffs in the present action were not members of the class in *Willner* [*I*]."  *Id.* at 13.

24   Plaintiffs' lack of standing "is [yet] an[other] reason [why] tolling does not apply and [why]

25   amendment would be futile."  *Id.*  In opposing the instant motion to strike, Plaintiffs do not even

26   mention—much less address—this standing argument.

27           Under the reasons outlined above, the Court finds Plaintiffs' reference to *Willner I* in the

28

Case No. 14-CV-03787-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

United States District Court
Northern District of California

1    SAC to be improper.  Defendants' motion to strike the reference to *Willner I* in the SAC is

2    therefore GRANTED.  Moreover, the Court emphasizes that this is the seventh time that Plaintiffs

3    have been instructed that the claims in the instant case are different from the claims in *Willner I*.

4    The Court will not accept any further attempts by Plaintiffs to relate or entangle the proceedings of

5    the instant case with those in *Willner I* or *Willner II*.  Should Plaintiffs attempt to do so, the Court

6    may invite Defendants to file a motion for sanctions against Plaintiffs.

7       **B.  *Ramirez I* and *Ramirez II***

8       With respect to tolling based on *Ramirez I* and *Ramirez II*, Defendants assert three specific

9    arguments.  First, Defendants point out that the SAC refers to *Ramirez II*, which was filed on April

10   12, 2013.  SAC ¶ 2.  The SAC does not mention or refer to *Ramirez I*.  "Plaintiffs' proposed Class

11   Period," however, "begins on February 13, 2009, four years and two months before *Ramirez II*

12   was filed."  Mot. at 1 (emphasis removed).  As Defendants note, "Plaintiffs may have meant to

13   invoke tolling based on [*Ramirez I*]," which was filed on February 13, 2013.  *Id.*

14      Second, Defendants argue that even if tolling were to apply based on *Ramirez I*'s February

15   13, 2013 filing date, any claims against Manpower US, ManpowerGroup, and Manpower CP

16   would not be tolled because Manpower Inc. was the only named Defendant in *Ramirez I*.

17      Third, Defendants contend that three causes of action in the SAC—failure and refusal to

18   pay agreed wages, failure to pay minimum wages, and enforcement of the California Labor Code

19   under PAGA—were not asserted in *Ramirez I* and are therefore not tolled by *Ramirez I*.

20      **1.  Tolling Based on *Ramirez I*, not *Ramirez II***

21      As to Defendants' first argument, Plaintiffs agree that tolling should apply based on the

22   filing date of *Ramirez I*, not *Ramirez II*.  *See, e.g.*, Opp'n at 1 ("Hence, claims in this case relate

23   back to *Ramirez I*.")  Thus, the SAC's reference to *Ramirez II* appears to be an error.

24      **2.  Tolling as to Manpower US, ManpowerGroup, and Manpower CP**

25         **a.  Manpower US**

26      Next, as to whether tolling applies to Defendants not named in *Ramirez I*, the Court need

27   not rule on Defendants' arguments with regard to Manpower US, as Manpower US has been

28

17

Case No. 14-CV-03787-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

United States District Court
Northern District of California

1    dismissed with prejudice from this action.

2              **b.  ManpowerGroup**

3          As to ManpowerGroup, on the other hand, Defendants have acknowledged that Manpower

4    Inc. changed its name to ManpowerGroup in 2013.  In all other respects, Manpower Inc. and

5    ManpowerGroup are the same entity; in Defendants' own words, ManpowerGroup simply

6    "stepped into the shoes of Manpower Inc."  ECF No. 133 at 12.

7          Federal Rule of Civil Procedure 15(c)(1), which "governs when an amended pleading

8    'relates back' to the date of a timely filed original pleading," *Krupski v. Costa Crociere S. p. A.*,

9    560 U.S. 538, 541 (2010), states that:

10         An amendment to a pleading relates back to the date of the original pleading
           when:
11              **(A)** the law that provides the applicable statute of limitations allows relation
                back;
12              **(B)** the amendment asserts a claim or defense that arose out of the conduct,
                transaction, or occurrence set out—or attempted to be set out—in the original
13              pleading; or
                **(C)** the amendment changes the party or the naming of the party against
14              whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the
                period provided by Rule 4(m) for serving the summons and complaint, the
15              party to be brought in by amendment:
16                   **(i)** received such notice of the action that it will not be prejudiced in
                     defending on the merits; and
17                   **(ii)** knew or should have known that the action would have been brought
18                   against it, but for a mistake concerning the proper party's identity.

19   Fed. R. Civ. P. 15(c)(1).  The Court finds that, pursuant to Rule 15(c)(1)(C), claims against

20   ManpowerGroup relate back to the February 13, 2013 filing date of *Ramirez I*.

21         First, the claims at issue here "ar[ise] out of the conduct, transaction, or occurrence set out .

22   . . in the original pleading" in *Ramirez I*.  Fed. R. Civ. P. 15(c)(1)(B).  As discussed in greater

23   detail below, the claims in *Ramirez I* and the instant case both arise out of the fact that Manpower

24   Inc. and its affiliates required employees to attend unpaid training, orientation, and termination

25   sessions, allegedly in violation of California law.  *Compare Ramirez I* Compl. ¶ 19 ("Defendants

26   maintained a policy and practice throughout the Class Period of requiring employees to attend

27   unpaid training sessions for employees and . . . to attend a termination meeting at Defendants'

28                                                       18
     Case No. 14-CV-03787-LHK
     ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

1   local office."), *with*, SAC ¶ 32 ("Neither Plaintiffs nor the Class Members were paid any wages

2   for any of the time spent undergoing training.").

3         Second, Federal Rule of Civil Procedure 4(m) provides that a defendant must be served

4   "within 90 days after the complaint is filed," unless "the plaintiff shows good cause."  Fed. R. Civ.

5   P. 4(m).  Here, it is unclear when plaintiff in *Ramirez I* and Plaintiffs in the instant case learned of

6   Manpower Inc.'s name change.  Moreover, in opposing Plaintiffs' motion for leave to file the

7   SAC in the instant case, Defendants argued "that ManpowerGroup . . . 'is already a party to this

8   action,' and [thus] 'd[id] not need to be sued a second time in the same action.'"  SAC Order at 6.

9   Under these circumstances, Plaintiffs have sufficiently demonstrated good cause for serving

10   ManpowerGroup outside of Rule 4(m)'s 90-day deadline.

11         Third, ManpowerGroup "knew or should have known" that Plaintiffs would seek relation

12   back, and ManpowerGroup "will not be prejudiced" by Plaintiffs' attempt to relate back claims

13   against ManpowerGroup to the February 13, 2013 filing of *Ramirez I*.  Fed. R. Civ. P.

14   15(c)(1)(C)(i) & Fed. R. Civ. P. 15(c)(1)(C)(ii).  As the U.S. Supreme Court explained in *Krupski*

15   *v. Costa Crociere*, the purpose behind Rule 15 is to prevent "a prospective defendant . . . [from]

16   escap[ing] suit during the limitations period only because the plaintiff misunderstood a crucial fact

17   about [the defendant's] identity."  560 U.S. at 550.

18         Here, Plaintiffs did not technically "misunderst[and] a crucial fact about"

19   ManpowerGroup's identity.  *Id.*  Rather, Manpower Inc. changed its name to ManpowerGroup,

20   and now Manpower Inc. seeks to use this name change to escape legal liability.  The text, statutory

21   purpose, and case law interpreting Rule 15 does not condone such conduct.  Indeed, it would make

22   no sense to allow parties to skirt the Federal Rules of Civil Procedure merely via a name change.

23   Accordingly, the Court finds that claims against ManpowerGroup relate back to the February 13,

24   2013 filing of *Ramirez I*.  Defendants' motion to strike as to ManpowerGroup is DENIED.

25            **c.  Manpower CP**

26         Finally, the Court agrees with Defendants that the February 13, 2013 filing date of *Ramirez*

27   *I* does not toll claims as to Manpower CP.  As Defendants note, the original complaint in *Ramirez*

28

                         19

United States District Court
Northern District of California

1  *I* did not name Manpower CP as a Defendant.  Moreover, there is no evidence that Manpower CP

2  knew or should have known that it would be named as a Defendant in *Ramirez I* when *Ramirez I*

3  was filed.  Unlike Manpower Inc. and ManpowerGroup, Manpower Inc. and Manpower CP are

4  different entities.  Manpower CP, for instance, is a California corporation that continues to employ

5  temporary service workers, while Manpower Inc. is a Wisconsin corporation that no longer

6  employs temporary service workers.

7        After examining the record, the Court finds that April 12, 2013—the date that plaintiff in

8  *Ramirez I* filed *Ramirez II*, a separate lawsuit against Manpower CP—is the earliest possible date

9  that Manpower CP knew or should have known that it would be subject to suit.  In support of this

10  determination, the Court notes that Plaintiffs' counsel in the instant case also represented Ramirez

11  in both *Ramirez I* and *Ramirez II*.  After the parties stipulated to dismiss *Ramirez II*, Ramirez's

12  counsel filed an amended complaint in *Ramirez I* which named Manpower CP as a Defendant.

13  This amended complaint defined the Class Period as "the period of time beginning four years

14  before the commencement of this action (February 13, 2013 as to Manpower, Inc.;

15  ManpowerGroup Public Sector, Inc.; and ManpowerGroup US Inc.; and *April 12, 2013 as to*

16  *Manpower, Inc./California Peninsula*)."  *Ramirez I*, ECF No. 32 ¶ 2 (emphasis added).

17        This amended complaint served as the operative complaint in *Ramirez I*, which the parties

18  litigated through multiple discovery motions, a motion to dismiss, a motion to intervene, and,

19  ultimately, a motion for summary judgment.  Thus, plaintiff's counsel in *Ramirez I*—again, the

20  very same counsel representing Plaintiffs in the instant case—plainly represented in *Ramirez I* that

21  the Class Period as to Manpower CP began on April 12, 2009, not February 13, 2009.  Defendants

22  in *Ramirez I*, including Manpower CP, litigated the case through final judgment pursuant to this

23  representation.

24        Plaintiffs' attempts to now allege a longer Class Period as to Manpower CP in the instant

25  case is thus in direct contravention of all the representations made by counsel in *Ramirez I*, who

26  are also Plaintiffs' counsel in the instant case.  This is not permissible.  In *Ramirez I*, the Class

27  Period as to Manpower CP began on April 12, 2009.  If Plaintiffs seek to rely upon *Ramirez I* to

28

20

Case No. 14-CV-03787-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

United States District Court
Northern District of California

United States District Court
Northern District of California

1    toll the Class Period in the instant case, the Class Period in the instant case as to Manpower CP

2    must begin no earlier than April 12, 2009.   Accordingly, Defendants' motion to strike with

3    respect to Manpower CP is GRANTED.

4        **3. Tolling as to Failure to Pay Agreed Wages, Failure to Pay Minimum Wages, and
           PAGA Claims**

5

6        Finally, Defendants point out that Plaintiffs asserted three claims in the SAC that were not

7    asserted in *Ramirez I*: failure and refusal to pay agreed wages, failure to pay minimum wages, and

8    enforcement of the California Labor Code under PAGA. Rule 15(c), however, does not limit

9    tolling only to the specific claims alleged in the original pleading.  Rather, Rule 15(c) provides

10   relation back where an "amendment asserts a claim or defense that arose out of the conduct,

11   transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Fed. R.

12   Civ. P. 15(c)(1)(C).  The U.S. Supreme Court has interpreted this provision to allow relation back

13   of claims which arise out of "the existence of a common core of operative facts uniting the

14   original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005) (internal quotation

15   marks omitted).  Similarly, the Ninth Circuit has held that "[a]n amended claim arises out of the

16   same conduct, transaction, or occurrence if it will likely be proved by the same kind of evidence

17   offered in support of the original pleading."  *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999,

18   1004 (9th Cir. 2014) (internal quotation marks omitted).

19       In accordance with *Mayle* and *ASARCO*, all three causes of action at issue arise out "a

20   common core of operative facts" and would "likely be proved by the same kind of evidence

21   offered in support of the original" complaint in *Ramirez I*.  *Mayle*, 545 U.S. at 659 (internal

22   quotation marks omitted); *ASARCO*, 765 F.3d at 1004 (internal quotation marks omitted).  As

23   noted above, the causes of action in *Ramirez I* arise out of the fact that "Defendants [allegedly]

24   maintained a policy and practice throughout the Class Period of requiring employees to attend

25   unpaid training sessions for employees and . . . to attend a[n] [unpaid] termination meeting at

26   Defendants' local office."  *Ramirez I* Compl. ¶ 19.

27       In the instant case, with respect to Plaintiffs' failure and refusal to pay agreed wages claim,

28
                                                      21

1   Plaintiffs allege that "Defendants employed Plaintiffs and [Class] members at agreed wages and

2   refused to pay such wages to Plaintiffs and [Class] members for all hours they worked . . .

3   including but not limited to . . . [a]ttendance at or participation in Manpower Orientations, Client

4   Orientations, Client Interviews, and post-termination meetings." SAC ¶ 91.  Similarly, with

5   respect to Plaintiffs' minimum wage claim, Plaintiffs allege that "Defendants failed to accurately

6   record all hours worked by Plaintiff[s] and the Class Members[,] thereby denying payment of

7   minimum wages to Plaintiff[s] and the Class Members for hours worked." *Id.* ¶ 108.  Finally,

8   Plaintiffs' PAGA claim seeks enforcement of various California Labor Code provisions for

9   Defendants' alleged "failure to compensate Plaintiffs . . . for all hours worked," "for failure to

10  provide complete and accurate wage statements," and "for failure to reimburse Plaintiffs . . . for all

11  necessary expenditures."  *Id.* ¶ 144.

12          Under these circumstances, the newly asserted causes of action in the SAC arise out of the

13  same "common core of operative facts" set forth in *Ramirez I*.  Indeed, these newly asserted

14  causes of action, along with the various other causes of action in the SAC and the causes of action

15  in *Ramirez I*, all arise out of the fact that Plaintiffs were apparently required to attend unpaid

16  training, orientation, and termination sessions, allegedly in violation of California law.

17  Accordingly, Defendants' motion to strike as to Plaintiffs' failure and refusal to pay agreed wages,

18  failure to pay minimum wages, and PAGA claims is DENIED.

19  **V.      CONCLUSION**

20          For the foregoing reasons, Defendants' motion to strike is GRANTED IN PART and

21  DENIED IN PART.   The following allegations from paragraph 2 of the SAC are hereby stricken:

22          [T]he period of time beginning February 13, 2009, through the date of entry of
23          Judgment herein, based upon the fact that putative class action complaints were
            filed in *Willner v. Manpower, Inc*., U.S.D.C., Northern District of California Case
24          No. 3:11-cv-02846-JST, filed on March 17, 2011, and *Ramirez v. Manpower,
            Inc./California Peninsula*, U.S.D.C. Northern District of California Case No.
25          5:13-cv-02880-EJD, filed on April 12, 2013, and these actions define proposed
            classes and alleged claims that overlap with the proposed classes and claims
26          alleged herein.

27   These allegations are replaced with the following:

28
Case No. 14-CV-03787-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

United States District Court
Northern District of California

[T]he period of time beginning February 13, 2009, through the date of entry of Judgment herein, for Defendants Manpower Inc. and ManpowerGroup US Inc.; and the period of time beginning April 12, 2009, through the date of entry of Judgment herein, for Defendant Manpower Inc./California Peninsula based upon the fact that a putative class action complaint was filed in *Ramirez v. Manpower Inc.*, No. 13-CV-2880-BLF (N.D. Cal.).

**IT IS SO ORDERED.**

Dated:  March 15, 2016

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

Case No. 14-CV-03787-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE