UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUVENTINA MATA, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>MANPOWER INC. / CALIFORNIA PENINSULA, et al.,<br><br>        Defendants. | Case No. 14-CV-03787-LHK<br><br>**ORDER REGARDING PRELIMINARY APPROVAL HEARING** |

The Court orders the parties to file, by September 6, 2016, at 11:00 a.m., a response to the following questions. The parties' response may not exceed eight pages in length.

**SCOPE OF RELEASE AND NOTICE**

1. This is not the only case where California residents have asserted wage and hour claims against a Manpower entity. The Court's March 15, 2016 order on Defendants' motion to strike highlighted the interplay between this case and four other cases that have been filed in the Northern District of California. ECF No. 155. The parties' November 10, 2015 case management statement also mentioned two other cases which may be related to the instant case. ECF No. 116. The motion for preliminary approval mentions two more possibly related cases. ECF No. 176-1 at 15.

    Does the Settlement Agreement's release, which applies to "any and all related claims" asserted in the instant case against Defendants and "any parent, subsidiary, affiliate, predecessor or successor, and all agents, employees, officers, directors, insurers, and attorneys thereof," jeopardize the ability of plaintiffs in these other cases to obtain relief? ECF No. 176 at 34.

    In answering this question, the parties must address what impact, if any, the

Settlement Agreement's release has upon the following cases:
- *Willner v. Manpower Inc.* ("*Willner I*"), No. 11-CV-2846-JST (N.D. Cal.)
- *Padilla v. Willner* ("*Willner II*"), No. 15-CV-4866-JST (N.D. Cal.)
- *Ramirez v. Manpower Inc.* ("*Ramirez I*"), No. 13-CV-2880-BLF (N.D. Cal.)
- *Ramirez v. Manpower CP* ("*Ramirez II*"), No. 13-CV-3238-EJD (N.D. Cal.)
- *Stimpson v. Manpower US Inc.*, No. 13-CV-0829-GPC (S.D. Cal.)
- *Sanchez v. Keurig Green Mountain, Inc.*, No. 132626 (Monterey Cty. Sup. Ct.)
- *Rico v. Manpower, Inc. / CP*, No. 125340 (Monterey Cty. Sup. Ct.)
- *Martinez v. Harmony Foods Corp.*, No. 177053 (Santa Cruz Cty. Sup. Ct.)

2. In addition, the parties are to explain why none of the above cases are mentioned in the proposed notice. Notably, Plaintiffs' counsel has repeatedly argued—and continues to contend—that the instant case is related to the *Willner* cases and that there is some "overlap" between the *Willner* cases and the instant case. ECF No. 176-2 at 5. Indeed, Plaintiffs' counsel has even appealed U.S. District Judge Jon Tigar's judgment in *Willner II*. The appeal remains pending. However, neither of the *Willner* cases is mentioned in the proposed notice.

**OPT OUT AND OBJECTION PROCEDURE**

1. The parties' proposed preliminary approval order states that all objections shall be mailed to the Settlement Administrator. ECF No. 176-4 at 7. However, the proposed notice states that all objections must be mailed to the Court. ECF No. 176 at 44. The parties are to clarify this discrepancy.

2. The parties have included a proposed opt-out form with their proposed notice. However, the parties have not included a corresponding objection form. Why have the parties not done so?

**ATTORNEY'S FEES, COSTS, AND EXPENSES**

1. Plaintiffs' counsel must provide their estimated lodestar. This estimate must include (1) the total number of hours spent on this litigation, (2) how many additional hours will be spent through final approval, and (3) Plaintiffs' counsel's reported billable rate.

    For each attorney who worked on this action, Plaintiffs' counsel must specify whether any court within the Northern District of California has approved the attorney at their reported billable rate.

    The estimated lodestar may not include any hours spent by Plaintiffs' counsel litigating, objecting, or attempting to relate the instant case to *Ramirez I*, *Ramirez II*, *Willner I*, or *Willner II*.

2. The parties are to specify how they arrived at the $200,000 estimate for the Settlement Administrator and whether any competitive bidding was undertaken.

    The parties' $200,000 estimate appears high. In a similar wage and hour case also involving thousands of Class Members, *Chavez v. PVH Corporation*, 13-CV-1797 (N.D. Cal.), the parties spent $111,073.11 on the settlement administrator. ECF No. 209 at 15. The settlement administrator in *Chavez* had to send out multiple rounds of notices because the Court rejected both preliminary and final approval in *Chavez*. It is unclear why the parties here need to spend nearly twice the amount on a Settlement Administrator that was

2

Case No. 14-CV-03787-LHK
ORDER REGARDING PRELIMINARY APPROVAL HEARING

spent in *Chavez*.

3. The parties must state why the representative Plaintiffs should receive $7,500 each in service awards. The Ninth Circuit has established $5,000 as a reasonable benchmark award for representative plaintiffs. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 947–48 (9th Cir. 2015); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000). It is unclear why departure from this benchmark is appropriate in the instant case. As a point of comparison, the Court recently approved a class action settlement in *In re Yahoo Mail Litigation*, 13-CV-4980 (N.D. Cal.), where the four class representatives, who were involved in a complex, multi-year litigation, received $5,000 each. ECF No. 203 at 21.

**CY PRES**

1. In *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1039 (9th Cir. 2011), the Ninth Circuit determined that, in a class action settlement, a *cy pres* distribution should "(1) address the objectives of the underlying statutes, (2) target the plaintiff class, [and] (3) provide reasonable certainty that any member will be benefitted."

    The parties are to address how their proposed *cy pres* recipient—the Interdisciplinary Center for Healthy Workplaces—satisfies these three guiding standards. In particular, it is unclear how the Interdisciplinary Center for Healthy Workplaces, whose mission is "to achieve worker health and psychological well-being," is in any way related to the claims asserted here—that Defendants did not pay for work which Class Members performed.

**IT IS SO ORDERED.**

Dated: September 1, 2016.

_____
LUCY H. KOH
United States District Judge

3
Case No. 14-CV-03787-LHK
ORDER REGARDING PRELIMINARY APPROVAL HEARING