1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JUVENTINA MATA, et al.,

      Plaintiffs,

  v.

MANPOWER INC. / CALIFORNIA
PENINSULA, et al.,

      Defendants.

Case No. 14-CV-03787-LHK

**ORDER DENYING MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT**

Re: Dkt. No. 175

Plaintiffs Lesli Guido and Claudia Padilla ("Plaintiffs") bring this action against

Defendants Manpower Inc.; Manpower, Inc./California Peninsula; and ManpowerGroup US Inc.

(collectively, "Defendants").  Before the Court is Plaintiffs' motion for preliminary approval of

class action settlement.  ECF No. 175 ("Mot.").  The Court held a hearing on this motion on

September 8, 2016.  Having considered Plaintiffs' motion, the arguments of counsel at the

September 8, 2016 hearing, the relevant law, and the record in this case, the Court DENIES

Plaintiffs' motion for preliminary approval.  The parties are ORDERED to file an amended motion

for preliminary approval, as well as an amended Settlement Agreement and proposed Notice, by

October 6, 2016.

**I.      BACKGROUND**

1

### A. Factual Background

Defendant Manpower Inc. ("Manpower Inc."), is a Wisconsin corporation that "conduct[s] business throughout the State of California." ECF No. 81 ¶ 8. Manpower Inc. "own[s], operate[s] and control[s] a business for the purpose of operating an employment agency" for temporary service workers. *Id.* ¶ 18–19. Manpower Inc. employed temporary service workers in California from 2009 to 2013. ECF No. 133 at 25. In January 2013, Manpower Inc. changed its name to ManpowerGroup Inc. ("ManpowerGroup"). ECF No. 137 at 4; ECF No. 133 at 12. In addition, after this name change, ManpowerGroup ceased employing temporary service workers in California. Any temporary service workers previously employed by Manpower Inc. were transferred to one of Manpower Inc.'s subsidiaries.

Defendant Manpower, Inc./California Peninsula ("Manpower CP") is a California corporation that began operations in 1968. ECF No. 48-2 at 1. In 2008, Manpower Inc. purchased Manpower CP, ECF No. 81 ¶ 15, and Manpower CP became a subsidiary of Manpower Inc., ECF No. 133 at 25. Manpower CP continues to employ temporary service workers in California.

Defendant ManpowerGroup US Inc. ("ManpowerGroup US"), is a Wisconsin corporation. ECF No. 81 ¶ 9. ManpowerGroup US provides back-office services and upper-level operational oversight for Manpower CP. ManpowerGroup US does not employ temporary service workers in California, and it is unclear whether ManpowerGroup US has a parent-subsidiary relationship with any of the other Defendants.

Plaintiff Claudia Padilla ("Padilla") was employed by Manpower CP from December 2011 to March 2014. ECF No. 81 ¶ 38. Plaintiff Lesli Guido ("Guido") was employed by Manpower CP from March 2011 to October 2011. *Id.* ¶ 48. A third Plaintiff, Juventina Mata, was dismissed from the instant action after the parties discovered that "there [was] no record of Ms. Mata ever having worked for any of the Defendants." ECF No. 38 at 5.

As part of their employment, Plaintiffs allege that Defendants required Plaintiffs to attend an orientation as well as trainings related to Defendants' timekeeping and other internal processes. ECF No. 81 ¶ 23. Plaintiffs further aver that they were required to attend client-specific

2

United States District Court
Northern District of California

1    orientations and meetings, which included post-termination meetings.  *Id.*  Plaintiffs assert that

2    Defendants did not pay Plaintiffs for engaging in these activities, did not reimburse Plaintiffs for

3    expenses incurred related to these activities, and did not provide accurate wage statements to

4    reflect Plaintiffs' participation in these activities.  *Id.*

5        **B.  Procedural History**

6            This is not the first time that persons in California have brought a putative wage and hour

7    class action lawsuit against a Manpower entity.  In fact, the Court is aware of at least nine such

8    cases.  The Court briefly reviews these nine cases below.

9            **1.  *Willner v. Manpower Inc.*, No. 11-CV-2846-JST (N.D. Cal.) ("*Willner I*")**

10           On March 17, 2011, Vera Willner ("Willner"), an employee of Manpower Inc., "br[ought]

11   [a] . . . putative class action against Manpower [Inc.] for California Labor Code violations

12   stemming from Manpower [Inc.]'s failure to furnish accurate wage statements and failure to

13   timely pay all wages to employees who received their wages by U.S. mail."  *Willner v. Manpower*

14   *Inc.*, No. 11-CV-2846-JST ("*Willner I*"), ECF No. 196 ("*Willner* Prelim. Approval") at 1 (internal

15   quotation marks and alteration omitted).  The case was assigned to U.S. District Judge Jon Tigar.

16           Although Willner eventually amended her complaint five times, Manpower Inc. was the

17   only named defendant in all six of her complaints.  Willner was not employed by Manpower CP,

18   and Willner did not name either Manpower CP or ManpowerGroup US as defendants in *Willner I*.

19           In the operative complaint, Willner asserted the following five causes of action: "(1)

20   violations of California Labor Code section 201.3(b)(1) for failure to pay timely weekly wages;

21   (2) violations of California Labor Code section 226 for failure to furnish accurate wage

22   statements; (3) violations of California's Unfair Competition Law ('UCL') for failure to provide

23   accurate wage statements and to pay timely wages; (4) penalties under the Private Attorney

24   General Act ('PAGA') for failure to provide accurate wage statements and to pay timely wages;

25   and (5) violations of California Labor Code sections 201 and 203 for failure to pay timely wages

26   due at separation."  *Id.* at 1–2.

27           On August 1, 2014, the *Willner I* parties moved for preliminary approval of a class action

28
Case No. 14-CV-03787-LHK
ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

settlement. *Willner I*, ECF No. 150. Plaintiffs in the instant case—Guido and Padilla—objected to this preliminary approval motion. *Willner I*, ECF No. 154. Manpower Inc. responded to Guido and Padilla's objections by arguing that Guido and Padilla "lack[ed] standing to object" because they had been employed by Manpower CP, not Manpower Inc. *Willner I*, ECF No. 162 at 1–2. Furthermore, Manpower Inc. contended that Willner's request for damages was "predicated upon the late mailing of paychecks," whereas the underlying claim in *Mata* involves a "failure to pay any wages whatsoever for certain hours worked." *Id.* at 4 (emphasis removed). Accordingly, Manpower Inc. argued that "the claims in *Mata* are unrelated to the claims in" *Willner I*. *Id.*

In light of Guido and Padilla's objections, Judge Tigar ordered "the *Willner* [*I*] parties to clarify the release language [in the *Willner I* settlement] so as to ensure that the *Willner* [*I*] class d[oes] not overlap with the *Mata* class." *Padilla v. Willner*, 2016 WL 860948, *2 (N.D. Cal. Mar. 7, 2016). The *Willner I* parties complied with Judge Tigar's request, and filed an amended motion for preliminary approval. Once again, Guido and Padilla filed objections.

On January 2, 2015, Judge Tigar overruled Guido and Padilla's objections and granted the renewed motion for preliminary approval. Judge Tigar found "that the amended settlement agreement ha[d] corrected the . . . deficiencies [previously] identified," as "the parties have revised the language of the release to clarify that it applies only to claims that 'arise out of the allegations in the [*Willner I*] lawsuit.'" *Willner* Prelim. Approval at 4–5. Judge Tigar's Preliminary Approval Order defined the settlement class as follows:

> All persons who were or are employed by Manpower Inc. in California as temporary employees at any time from March 17, 2010 through January 20, 2012 and who received their wage statements (i.e. paystub) by U.S. mail, payment card or electronic submission, except individuals who were or are at the same time jointly employed by a franchisee of Manpower Inc., including but not limited to, franchisee CLMP LTD., dba Manpower of Temecula.

*Id.* at 6. Judge Tigar granted final approval of the class action settlement in *Willner I* on June 22, 2015. *Willner I*, ECF No. 208.

### 2. *Padilla v. Willner*, 15-CV-4866-JST (N.D. Cal.) ("*Willner II*")

On October 22, 2015, Guido and Padilla filed suit against Willner and Manpower Inc.

1    *Padilla v. Willner* ("*Willner II*"), 15-CV-4866-JST.  Pursuant to Federal Rule of Civil Procedure

2    60(b), which allows parties to seek relief "from a final judgment," Guido and Padilla sought, in

3    *Willner II*, to set aside the Final Approval Order in *Willner I*.  Fed. R. Civ. P. 60(b).

4            *Willner II* was originally assigned to U.S. District Judge Thelton Henderson, but was

5    reassigned to Judge Tigar after Judge Tigar found *Willner II* to be related to *Willner I*.  *Willner II*,

6    ECF No. 20.  In December 2015, the *Willner II* defendants filed separate motions to dismiss.

7    *Willner II*, ECF No. 24 & 26.  On March 7, 2016, Judge Tigar granted these motions to dismiss

8    with prejudice.  *Padilla v. Willner*, 2016 WL 860948 (N.D. Cal. Mar. 7, 2016).

9            In reaching this decision, Judge Tigar observed that, "under well-established principles of

10   comity, it would be very much improper to grant Plaintiffs the relief they request." *Id.* at *5.

11   Indeed, "Plaintiffs . . . appear to be seeking relief in this Court in order to avoid those rulings in

12   the *Mata* case they don't like.  Under these circumstances, abstention is appropriate." *Id.*  In

13   addition, Judge Tigar found that "Plaintiffs lack[ed] standing to request [that] the *Willner* [*I*]

14   settlement be vacated because they were never members of the *Willner* [*I*] class and were therefore

15   unaffected by the order approving the *Willner* [*I*] settlement."  *Id.* at *6; *see also id.* at *7

16   ("[Plaintiffs'] alleged injury fails to meet *any* of the elements of standing.") (emphasis added).

17           On April 4, 2016, Plaintiffs' counsel in the instant case filed a notice of appeal to the Ninth

18   Circuit of Judge Tigar's March 7, 2016 decision in *Willner II*.  The appeal remains pending.

19           **3.  *Ramirez v. Manpower Inc.*, No. 13-CV-2880-BLF (N.D. Cal.) ("*Ramirez I*")**

20           On February 13, 2013, Patricia Ramirez ("Ramirez"), who was employed by Manpower

21   CP from January 1 to January 25, 2013, filed suit against Manpower Inc.  *Ramirez v. Manpower*

22   *Inc.* ("*Ramirez I*"), No. 13-CV-2880-BLF.  Ramirez was represented by the same counsel as

23   Plaintiffs' counsel in the instant case.  On May 3, 2013, Ramirez added ManpowerGroup Public

24   Sector Inc. and ManpowerGroup US as defendants in *Ramirez I*.  *Ramirez I*, ECF No. 1 at 2.  The

25   case was initially assigned to U.S. District Judge Edward Davila, and was later reassigned to U.S.

26   District Judge Beth Freeman.  *Ramirez I*, ECF No. 59.

27           The allegations in *Ramirez I* are substantially similar to the allegations in the instant case.

28
Case No. 14-CV-03787-LHK
ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

United States District Court
Northern District of California

1    The original complaint in *Ramirez I*, for instance, alleges that "Defendants maintained a policy

2    and practice throughout the Class Period of requiring employees to attend unpaid training sessions

3    for employees and whose employment had been terminated by Defendants at Defendants'

4    customer(s) request, to attend a termination meeting at Defendants' local office, or other place

5    designated by Defendants, without paying those employees for the time they spent attending such

6    meetings." *Ramirez I*, ECF No. 1 ("*Ramirez I* Compl.") ¶ 19.  The Class Period in *Ramirez I* was

7    "defined as the period of time beginning four years before the commencement of this action

8    through the date on which each class or subclass herein is confirmed." *Id.* ¶ 2.  Because *Ramirez I*

9    was filed on February 13, 2013, the *Ramirez I* Class Period began on February 13, 2009.

10    Ramirez asserted the following causes of action in the original complaint: (1) failure to pay

11    reporting time pay, in violation of California Labor Code § 218; (2) knowing and intentional

12    failure to comply with itemized employee wage statement provisions, in violation of California

13    Labor Code §§ 226(a), 1174, and 1175; (3) failure to pay wages timely, in violation of California

14    Labor Code § 204; (4) violation of California Labor Code § 216; (5) failure to pay all wages upon

15    termination, in violation of California Labor Code §§ 201, 202, and 203; and (6) violation of the

16    UCL. *Id.* at ¶¶ 41–79.

17    On January 13, 2014, the *Ramirez I* court granted a motion to join Manpower CP as a

18    defendant in *Ramirez I*.  *Ramirez I*, ECF No. 31 at 6–7.  On January 31, 2014, Ramirez filed an

19    amended complaint.  *Ramirez I*, ECF No. 32.  This complaint asserted the same causes of action as

20    the original complaint, along with additional causes of action for: (1) compensation for unpaid

21    wages, pursuant to California Labor Code §§ 1194 and 1198 and IWC Wage Order No. 4-2001,

22    and (2) enforcement of the California Labor Code under PAGA.  *Id.* ¶¶ 60–62, 94–96.  The

23    amended complaint defined the Class Period as: "the period of time beginning four years before

24    the commencement of this action (February 13, 2013 as to Manpower, Inc.; ManpowerGroup

25    Public Sector, Inc.; and ManpowerGroup US Inc.; and April 12, 2013 as to Manpower, Inc./

26    California Peninsula) through the date on which [the class] is confirmed." *Id.* ¶ 2.

27    On May 22, 2014, the *Ramirez I* defendants moved for summary judgment.  On July 10,

28    Case No. 14-CV-03787-LHK
ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

*United States District Court*
*Northern District of California*

2014, Judge Freeman granted summary judgment in favor of the *Ramirez I* defendants.  *Ramirez I*, ECF No. 111.  During the pendency of *Ramirez I*, Ramirez had filed a petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Northern District of California.  *Id.* at 3. Ramirez, however, "did not disclose" her involvement in *Ramirez I* "in her Schedule of Assets." *Id.*  As Judge Freeman explained, "[i]n the bankruptcy context, the federal courts have developed a basic default rule: If a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action."  *Id.* at 6.

### 4.  *Ramirez v. Manpower CP*, No. 13-CV-3238-EJD (N.D. Cal.) ("*Ramirez II*")

On April 12, 2013, Ramirez filed a second putative class action lawsuit, this time against Manpower CP.  *Ramirez v. Manpower, Inc./California Peninsula* ("*Ramirez II*"), No. 13-CV-3238-EJD.  As in *Ramirez I*, Ramirez was represented by the same counsel as Plaintiffs' counsel in the instant case.  *Ramirez II* was assigned to U.S. District Judge Edward Davila.

The *Ramirez II* complaint contained the same causes of action as *Ramirez I*, based on the same allegations.  *See, e.g.*, *Ramirez II*, ECF No. 25 at 1 (*Ramirez II* court observing that *Ramirez I* and *Ramirez II* "allege[] substantially similar, if not identical, [California] Labor Code violations.").  The only apparent difference was the defendants named in the respective actions: Manpower Inc.; ManpowerGroup Public Sector, Inc.; and ManpowerGroup US were defendants in *Ramirez I*, and Manpower CP was the defendant in *Ramirez II*.  After Manpower CP became a defendant in *Ramirez I*, Judge Davila issued an Order to Show Cause "why [*Ramirez II*] should not be dismissed as [being] duplicative of [*Ramirez I*]."  *Id.* at 2.  In response to this Order, the *Ramirez II* parties filed a stipulation of dismissal on January 21, 2014.  *Ramirez II*, ECF No. 26.

### 5.  *Stimpson v. Manpower US Inc.*, No. 15-CV-0829-GPC (S.D. Cal.) ("*Stimpson*")

On March 12, 2015, Tiffany Stimpson ("Stimpson") filed a putative class action lawsuit against Manpower US Inc. in San Diego County Superior Court.  *Stimpson v. Manpower US Inc.*, No. 15-CV-0829-GPC ("*Stimpson*"), ECF No. 1-4.  The case was removed to the Southern District of California on April 15, 2015, and assigned to U.S. District Judge Gonzalo Curiel.  ECF

United States District Court
Northern District of California

7

No. 1.

On December 28, 2015, Stimpson filed an amended complaint, which named as defendants Manpower US Inc. and CPM LTD. (d/b/a Manpower, Manpower of San Diego, and Manpower Temporary Services). *Stimpson*, ECF No. 15. This amended complaint asserted the following causes of action: (1) failure to pay minimum wages, in violation of California Labor Code §§ 1194(a) and 1198; (2) failure to pay reporting time pay, in violation of California Labor Code § 218; (3) improper wage statements, in violation of California Labor Code § 226(a); (4) wages not paid upon termination, in violation of California Labor Code §§ 201–203; (5) unlawful paying of a lower wage, in violation of California Labor Code §§ 222 and 223; and (6) unfair competition, in violation of California Business and Professions Code § 17200. Plaintiff in *Stimpson* alleges that "Manpower had a uniform policy of not compensating Class Members for orientation time or the time they spent participating in interviews on Manpower's behalf." *Id.* ¶ 28. The claims in *Stimpson* and *Mata* are so similar that the amended complaint in *Stimpson* seeks equitable tolling on the basis of *Mata*. *Id.* ¶ 42. On August 5, 2016, the parties in *Stimpson* stipulated to dismiss Manpower US Inc. without prejudice. *Stimpson*, ECF No. 34.

### 5. Various State Court Cases (Monterey and Santa Cruz County Superior Courts) ("*Sanchez*", "*Rico*," "*Zemudio*," and "*Martinez*")

Finally, there are at least three possibly related cases proceeding in California state court. On October 13, 2015, Keurig Green Mountain, Inc. ("Keurig") filed a notice in the docket of the instant case. ECF No. 75. In this notice, Keurig stated that it was being sued in Monterey County Superior Court by Plaintiffs' counsel in *Mata*. *Id.* at 3; *see Sanchez v. Keurig Green Mountain, Inc.*, No. M132626 ("*Sanchez*"). According to Keurig, Plaintiffs' counsel had asserted the same causes of action as Plaintiffs' counsel had asserted in *Mata*, and the crux of the *Sanchez* action was that Keurig worked with Manpower CP to deny wages to employees.

In addition to *Sanchez*, the instant case may overlap with two other state court cases. *Rico v. Manpower, Inc./California Peninsula*, No. M135340 ("*Rico*"), involves "donning and doffing" claims asserted against various Manpower entities. ECF No. 176 at 34. The case is being heard in

8

United States District Court
Northern District of California

Monterey County Superior Court.

On September 6, 2016, Plaintiffs' counsel in the instant case stated that *Rico* might be related to a separate case, *Zemudio v. Dole Food Co.*, No. M.121212 ("*Zemudio*"), which was also filed in Monterey County Superior Court.  According to Plaintiffs' counsel, "[o]n March 6, 2016, the *Zemudio* court approved settlement of all wage and hour claims involving the class members, including those placed by Manpower, for time worked at the Dole Facility during the class period (December 26, 2008 to May 31, 2014).  [Plaintiffs' counsel in *Mata*] negotiated an agreement with Manpower's counsel whereby the Manpower temporary employees could participate in the *Zemudio* settlement and Manpower would not raise res judicata or estoppel as a defense in the *Mata* case."  ECF No. 180 at 4.  The Court had not been aware of the *Zemudio* litigation prior to September 6, 2016, and had not known about the apparent agreement between Plaintiffs' counsel and Manpower's counsel in *Zemudio*.  The Court has not been able to review the formal terms of this agreement.

Finally, *Martinez v. Harmony Foods Corporation*, No. CV177053 ("*Martinez*"), involves meal and rest period claims asserted against entities that may have employed Manpower associates.  The case is being heard in Santa Cruz County Superior Court.

### 6.  The Instant Action

Plaintiffs filed the original complaint in the instant case on May 29, 2014.  ECF No. 1-1 ("Compl.").  This complaint named Manpower CP, Manpower US Inc., Manpower Inc., ManpowerGroup Public Sector Inc., and ManpowerGroup US as Defendants, Compl. ¶¶ 6–10, and asserted the following causes of action: (1) failure to pay reporting time pay, in violation of California Labor Code § 218; (2) failure and refusal to pay agreed wages, in violation of California Labor Code §§ 201, 202, 204, 216, 218, 221, 223, 1194, and 1198, Wage Order No. 4-2001, and 8 CCR § 11040(11); (3) knowing and intentional failure to comply with itemized employee wage statement provisions, in violation of California Labor Code §§ 226(a), 1174, and 1175 and Wage Order No. 4-2001; (4) failure to pay wages timely, in violation of California Labor Code § 204; (5) failure to pay all wages upon termination, in violation of California Labor Code

United States District Court
Northern District of California

1   §§ 201, 202, and 203; and (6) violation of the UCL. *Id.* ¶¶ 46–94. Plaintiffs sought to represent a

2   class comprised of "[a]ll current and former employees of Defendants who worked in California . .

3   . during [a specific] Class Period." *Id.* ¶ 36.

4          On July 21, 2014, Plaintiffs filed the First Amended Complaint ("FAC"). ECF No. 1-2

5   ("FAC"). The FAC continued to name Manpower CP, Manpower US Inc., Manpower Inc.,

6   ManpowerGroup Public Sector Inc., and ManpowerGroup US Inc. as Defendants. In addition to

7   the causes of action alleged in the original complaint, the FAC added the following causes of

8   action: (1) violation of California Labor Code § 216; (2) failure to pay minimum wages, in

9   violation of California Labor Code §§ 1197 and 1199 and the Wage Order; and (3) enforcement of

10  the California Labor Code under PAGA. FAC ¶¶ 100–15, 142–50. Finally, the FAC defined the

11  Class Period as "the period of time beginning February 13, 2009, through the date of entry of

12  Judgment herein." *Id.* ¶ 2. In general, the statute of limitations for most of Plaintiffs' claims was

13  four years. However, the FAC sought tolling based on *Ramirez I*, which was filed on February 13,

14  2013.

15         On August 11, 2015, the parties filed a stipulation of dismissal as to ManpowerGroup

16  Public Sector Inc., as the parties acknowledged that ManpowerGroup Public Sector Inc. did not

17  employ temporary non-exempt workers in California during the Class Period. ECF No. 42.

18         On August 13, 2015, Plaintiffs moved for leave to file a Second Amended Complaint.

19  Plaintiffs' proposed Second Amended Complaint sought to: "(1) name ManpowerGroup [] as a

20  Defendant, taking into account an alleged name change from Manpower Inc. . . . to

21  ManpowerGroup []; (2) revise the FAC's proposed class definitions; and (3) allege an earlier date

22  of March 17, 2007 for the beginning of the Class Period based on the argument that putative class

23  action complaints filed in *Willner* [*I*] tolled the applicable statutes of limitations." ECF No. 78

24  ("SAC Order") at 5.

25         On October 29, 2015, the Court granted in part and denied in part Plaintiffs' motion. The

26  Court granted Plaintiffs' proposal to name ManpowerGroup as a Defendant, as "Defendants [had]

27  concede[d] that the corporate entity changed its name as Plaintiffs allege." *Id.* at 6. The Court

Case No. 14-CV-03787-LHK
ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1    also granted Plaintiffs' proposal to revise Plaintiffs' class definitions.  *Id.* at 9.  The Court denied

2    Plaintiffs' request to allege an earlier date for the Class Period based on *Willner I*.  As the Court

3    explained, "the present case involves issues that were not present in *Willner* [*I*]."  *Id.* at 12.  Thus,

4    "Plaintiffs cannot rely on *Willner* [*I*] to toll the statute of limitations."  *Id.*  Additionally, the Court

5    observed that "the *Mata* Plaintiffs are *not* on the *Willner* [*I*] class list."  *Id.*

6            On November 2, 2015, Plaintiffs filed the Second Amended Complaint.  ECF No. 81

7    ("SAC").  Although the Court had denied Plaintiffs' attempt to allege an earlier Class Period

8    based on *Willner I*, the SAC nonetheless referred to *Willner I*.  Specifically, the SAC defined the

9    Class Period as follows:

> [T]he period of time beginning February 13, 2009, through the date of entry of
> Judgment herein, based upon the fact that putative class action complaints were
> filed in *Willner v. Manpower, Inc*. [*Willner I*], U.S.D.C., Northern District of
> California Case No. 3:11-cv-02846-JST, filed on March 17, 2011, and *Ramirez v.
> Manpower, Inc./California Peninsula* [*Ramirez II*], U.S.D.C. Northern District of
> California Case No. 5:13-cv-02880-EDJ, filed on April 12, 2013, and these
> actions define proposed classes and alleged claims that overlap with the proposed
> classes and claims alleged herein.

15   SAC ¶ 2.  On August 27, 2015, while Plaintiffs' motion for leave to file the SAC was still

16   pending, Defendants moved for partial summary judgment.  ECF No. 48.  "Defendants move[d]

17   for summary judgment on two grounds."  ECF No. 144 at 10.  "First, Manpower Inc. (now known

18   as ManpowerGroup [])) contend[ed] that the settlement and release in *Willner* prohibits the putative

19   class members from pursuing [certain claims] in the instant case."  *Id.* at 11.  "Second, Manpower

20   US contend[ed] that the named Plaintiffs were employed only by Manpower CP and not

21   Manpower US, and thus Plaintiffs lack[ed] standing to sue Manpower US."  *Id.*

22           On January 31, 2016, the Court granted in part and denied in part Defendants' partial

23   summary judgment motion.  The Court found in Defendants' favor as to Plaintiffs' standing to

24   bring suit against Manpower US, and Manpower US was dismissed with prejudice.  ECF No. 146.

25   However, the Court denied summary judgment as to Defendants' contention that the "release in

26   *Willner* prohibits the putative class members [in *Mata*] from pursuing [various claims]."  ECF No.

27   144 at 11.  This Court noted that, "[b]ased on Manpower Inc.'s representations regarding the scope

28   

Case No. 14-CV-03787-LHK
ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

United States District Court
Northern District of California

1    of the *Willner* [*I*] settlement," the "release [in *Willner I*] was only intended to encompass claims

2    based on untimely receipt of paychecks, not claims such as those here," which are "based on a

3    complete failure to pay." *Id.* at 13.[1]

4        On December 8, 2015, Defendants filed a motion to strike, which sought to strike the

5    following Class Period allegations from paragraph 2 of the SAC:

6        [T]he period of time beginning February 13, 2009, through the date of entry of
         Judgment herein, based upon the fact that putative class action complaints were
7        filed in *Willner v. Manpower, Inc.*, U.S.D.C., Northern District of California Case
         No. 3:11-cv-02846-JST, filed on March 17, 2011, and *Ramirez v. Manpower,*
8        *Inc./California Peninsula*, U.S.D.C. Northern District of California Case No.
         5:13-cv-02880-EJD, filed on April 12, 2013, and these actions define proposed
9        classes and alleged claims that overlap with the proposed classes and claims
         alleged herein.
10

11   ECF No. 134 at 1.  The Court granted in part and denied in part Defendants' motion.  First, the

12   Court agreed with Defendants that Plaintiffs' attempt to use *Willner I* to set the Class Period was

13   "improper."  *Id.* at 17.  The Court emphasized "that this is the seventh time that Plaintiffs have

14   been instructed that the claims in the instant case are different from the claims in *Willner I* [or

15   *Willner II*].  The Court will not accept any further attempts by Plaintiffs to relate or entangle the

16   proceedings of the instant case with those in *Willner I* or *Willner II*."  *Id.*

17       The Court went on to conclude that the Class Period would begin on February 13, 2009 for

18   Manpower Inc. and ManpowerGroup US Inc., which is four years before *Ramirez I* was filed, and

19   would begin on April 12, 2009 for Manpower CP, which is four years before *Ramirez II* was filed.

20       On March 4, 2016, Plaintiffs moved for class certification.  ECF No. 152.  The motion was

21   set for hearing on May 19, 2016, at 1:30 p.m.  On May 16, 2016, the parties filed a stipulation

22   which stated that they had "reached a settlement in principle that would resolve the case."  ECF

23   No. 171 at 2.  Plaintiffs subsequently filed the instant motion for preliminary approval of class

24   action settlement on June 9, 2016.  This motion included copies of the proposed Notice and

25

26   _____

     [1] On March 14, 2016, the Court issued an amended Summary Judgment Order.  ECF No. 154.
27   This amended Order corrects an error in the Court's January 31, 2016 Summary Judgment Order,
     which has "no impact on the outcome of the Court's [January 31, 2016] Summary Judgment
     Order."  ECF No. 153.
28
                                                    12
     Case No. 14-CV-03787-LHK
     ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

United States District Court
Northern District of California

1  Settlement Agreement.  The motion for class certification was denied as moot, and the class

2  certification hearing was vacated.  ECF Nos. 173, 177.

3          After reviewing the motion for preliminary approval, the Court issued an order on

4  September 1, 2016 which asked the parties to address questions about the Settlement Agreement,

5  proposed Notice, and objection procedure.  ECF No. 179.  The parties filed a response to the

6  Court's order on September 6, 2016.  ECF No. 180.

7  **II.      LEGAL STANDARD**

8          Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a

9  certified class may be settled . . . only with the court's approval."  Fed. R. Civ. P. 23(e).  "The

10  purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair

11  settlements affecting their rights."  *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir.

12  2008).  Accordingly, in order to approve a class action settlement under Rule 23, a district court

13  must conclude that the settlement is "fundamentally fair, adequate, and reasonable."  *Hanlon v.*

14  *Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

15          Preliminary approval of a settlement and notice to the class is appropriate if "[1] the

16  proposed settlement appears to be the product of serious, informed, non-collusive negotiations, [2]

17  has no obvious deficiencies, [3] does not improperly grant preferential treatment to class

18  representatives or segments of the class, and [4] falls within the range of possible approval."  *In re*

19  *Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (citing Manual for

20  Complex Litigation (Second) § 30.44); *see also In re High-Tech Emp. Antitrust Litig.*, 2014 WL

21  3917126, *3 (N.D. Cal. Aug. 8, 2014).

22  **III.     DISCUSSION**

23          There are obvious deficiencies with Plaintiffs' motion for preliminary approval.  These

24  deficiencies include: (a) the failure of the Settlement Agreement and proposed Notice to notify

25  Class Members about related cases and released claims, (b) tension over the Class definition and

26  released claims, (c) issues regarding the objection procedure, and (d) other issues.  The Court

27  addresses each in turn.

28

Case No. 14-CV-03787-LHK
ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

*United States District Court*
*Northern District of California*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

### A.  Related Cases and Released Claims

As reflected in the procedural history, the instant case is not the only putative, wage and hour class action that has been filed against a Manpower entity.  There are at least nine other such cases in federal and state courts in California alone.  As shown below, many of these cases involve the same defendants, the same or substantially similar claims, and overlapping class periods:

- Plaintiffs' counsel in the instant case also represented Patricia Ramirez in *Ramirez I* and *Ramirez II*, two Northern District of California cases.

- Because the claims in *Ramirez I*, *Ramirez II*, and the instant case were sufficiently similar to one another, the Court has determined that the Class Period in the instant case relates back to the filing of *Ramirez I* and *Ramirez II*.

- Plaintiffs' counsel has repeatedly attempted to relate the instant case with *Willner I* and *Willner II*, two Northern District of California cases before Judge Tigar.  Moreover, Plaintiffs' counsel objected to preliminary approval in *Willner I*, sought to set aside Judge Tigar's Final Approval Order in *Willner I* by filing *Willner II*, and have appealed Judge Tigar's judgment in *Willner II* to the Ninth Circuit.  This appeal is still pending.

- In *Stimpson*, a case filed in the Southern District of California, the plaintiff seeks equitable tolling based on the filing of the instant case.

- A third party—Keurig—has filed a notice which states that a Monterey County Superior Court case—*Sanchez v. Keurig Green Mountain, Inc.*—may be related to the instant case.

- The Settlement Agreement in the instant case recognizes the potential overlap between the instant case and the *Rico* and *Martinez* cases, filed in Monterey County Superior Court and Santa Cruz Superior Court, respectively.  ECF No. 176 at 34–35.

- On September 6, 2016, Plaintiffs brought to the Court's attention for the first time that *Rico* might be related to the *Zemudio* case, and that Plaintiffs' counsel in the instant case negotiated an agreement with Manpower's counsel in *Zemudio*.  The Court has never reviewed this agreement, and it is unclear how this agreement affects Class

14

United States District Court
Northern District of California

1    Members' claims.

2    None of these nine cases—*Ramirez I*, *Ramirez II*, *Willner I*, *Willner II*, *Stimpson*, *Sanchez*,

3    *Rico*, *Zemudio*, or *Martinez*—are discussed in any detail in the Settlement Agreement or proposed

4    Notice of the instant case.

5    As to the Settlement Agreement, the Settlement Agreement mentions *Willner II* just once:

6    on paragraph 43, Plaintiffs' counsel agrees to dismiss the appeal in *Willner II* with prejudice if the

7    Court grants final approval in the instant case.  The Settlement Agreement also briefly discusses

8    *Rico* and *Martinez* by stating that "the parties acknowledge and agree that the donning and doffing

9    claim in [*Rico*] and the meal and rest period claims in [*Martinez*] are not being released as part of

10   this settlement." *Id.* at 34–35.  None of the six other cases—*Ramirez I*, *Ramirez II*, *Willner I*,

11   *Stimpson*, *Sanchez*, or *Zemudio*—is mentioned in the Settlement Agreement.

12   The deficiencies in the Settlement Agreement are magnified in the proposed Notice.  In

13   fact, although the Settlement Agreement at least refers to *Willner II*, *Rico*, and *Martinez*, the

14   proposed Notice does not discuss these cases at all.  Nor, for that matter, does the proposed Notice

15   mention *Ramirez I*, *Ramirez II*, *Willner I*, *Stimpson*, *Sanchez*, or *Zemudio*.  Class Members who

16   receive and read the proposed Notice would not be aware of the nine other state and federal court

17   cases.  Class Members would have no idea if they were releasing their rights or claims in these

18   nine cases by agreeing to the instant Settlement.

19   The problems in the Settlement Agreement and proposed Notice are obvious deficiencies

20   that preclude preliminary approval.  The Court emphasizes that Plaintiffs' counsel has repeatedly

21   attempted to relate the instant case to the *Willner* cases.  Plaintiffs' counsel objected at preliminary

22   approval in *Willner I* and attempted to vacate final approval in *Willner I* by filing *Willner II*.

23   There is no reason, given these representations, why the proposed Notice and Settlement

24   Agreement does not discuss the *Willner I* and *Willner II* litigation.

25   Similarly, Plaintiffs' counsel represented Patricia Ramirez in *Ramirez I* and *Ramirez II*.

26   The Class Period in the instant case is based on the filing date of *Ramirez I* and *Ramirez II*.  There

27   is no reason why neither *Ramirez I* nor *Ramirez II* is mentioned in the proposed Notice or

28   

15

1   Settlement Agreement.

2       Plaintiffs' counsel has also known about the existence of the *Stimpson*, *Rico*, *Martinez*,

3   *Sanchez*, and *Zemudio* cases.  However, not one of these five cases is mentioned in the proposed

4   Notice.  Moreover, the Court was not aware of the *Zemudio* litigation until September 6, 2016, the

5   eve of the Preliminary Approval Hearing.  The Court also was not aware of the agreement in

6   *Zemudio* which Plaintiffs' counsel negotiated and which may concern what rights certain

7   Manpower employees can assert against Manpower until September 6, 2016.

8       The Court is particularly troubled by the fact that some of the foregoing nine cases—*Rico*,

9   *Martinez*, and *Willner II*—are mentioned in the Settlement Agreement, a document which many

10  Class Members are unlikely to read, but are not mentioned in the proposed Notice.  The proposed

11  Notice's failure to identify other active, related litigation which may affect a Class Member's

12  rights renders the Notice inadequate.

13      The failure of the proposed Notice to mention the foregoing cases is magnified by the

14  scope of the Release.  Paragraph 39 of the Settlement Agreement reads as follows:

15          Plaintiffs and Class Members . . . fully release and discharge Defendants and any
            parent, subsidiary, affiliate, predecessor or successor, and all agents, employees,
16          officers, directors, insurers, and attorneys therefor from any and all claims, debts,
            liabilities, demands, obligations, guarantees, costs, expenses, attorney fees,
17          penalties, damages, action or causes of action contingent or accrued for, or which
            relate to or arise out of the allegations and claims asserted in the operative
18          complaint in the Action and any and all related claims, including claims for
            unpaid wages, minimum wage, overtime, final wages, itemized wage statements
19          or violations of California Labor Code sections 201, 202, 203, 218,5, 226, 226.7,
            510, 512, 558, 1194, 1198, 2698 to 2699.5, the Industrial Welfare Commission
20          Wage Orders, and Business and Professions Code section 17200 et seq.,
            California Code of Civil Procedure 1021.5, damages and/or penalties whether any
21          such related claim is known or unknown, contingent or accrued, statutory or
            common law; such related claims are released against the Released Parties, as
22          well as interest and statutory penalties and other related penalties on any such
            related claims.
23

24  ECF No. 176 at 12.  The Release thus applies not just to Defendants in this action—

25  ManpowerGroup, Manpower CP, and ManpowerGroup US—but also to any "parent, subsidiary,

26  affiliate, predecessor or successor, and all agents, employees, officers, directors, insurers, and

28

Case No. 14-CV-03787-LHK
ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

United States District Court
Northern District of California

attorneys therefor." *Id.*

Moreover, the Release applies to "any and all related claims," which includes violations of numerous sections of the California Labor Code, *all* Industrial Welfare Commission Wage Orders, California Business and Professions Code § 17200, and any other related claim that is "known or unknown, contingent or accrued, statutory or common law." *Id.* In the Ninth Circuit, when a district court approves a class action settlement, "a federal court may release not only those claims alleged in the complaint, but also a claim based on the identical factual predicate as that underlying the claims in the settled class action." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 748 (9th Cir. 2006) (internal quotation marks omitted). However, as this Court has noted, where "the release in a settlement agreement does not limit released claims to those arising out of the facts alleged in the complaint, denial of . . . approval [to] the settlement is appropriate." *Chavez v. PVH Corp.*, 2015 WL 581382, *6 (N.D. Cal. Feb. 11, 2015). Here, the breadth of the Release, in conjunction with the numerous possible related state and federal cases, is an obvious deficiency that precludes preliminary approval.

In order to remedy these obvious deficiencies, the parties are ORDERED to file an amended motion for preliminary approval, with an amended Settlement Agreement and proposed Notice. Both the amended Settlement Agreement and proposed Notice must, at minimum, discuss the *Ramirez I*, *Ramirez II*, *Willner I*, *Willner II*, *Stimpson*, *Sanchez*, *Zemudio*, *Rico*, and *Martinez* cases. For these cases, the amended Settlement Agreement and proposed Notice must address:

1. What causes of action are being or have been asserted in these cases
2. Whether Class Members in the instant case may also be class members in another case
3. Whether the claims in the instant case overlap with the claims in another case
4. Whether the Class Period in the instant case overlaps with the class period in another case
5. Whether the Release would prevent Class Members from recovery in another case

In addition, the parties must identify all other active state and federal cases that involve a putative wage and hour class action brought in California against a Manpower entity. For every

17

1    additional active case identified, the parties must address the five questions discussed above.

2    **B.  Class Definition and Released Claims**

3         The parties seek conditional certification of the following Class:

4         All current and former non-exempt, hourly associates who worked for Defendant
5         Manpower, Inc./California Peninsula from April 12, 2009 through Preliminary
         Approval and all current and former non-exempt, hourly associates who worked
6         for Defendants Manpower Inc., ManpowerGroup Inc., and ManpowerGroup US
         Inc. from February 13, 2009 through Preliminary Approval.  Notwithstanding the
7         foregoing, any person who performed work and/or suffered violations of any law
         occurring while such person was in the employ of either Manpower US Inc.
8         and/or any Manpower franchise is not a "Class Member".

9    ECF No. 175 at 2.  In addition, as noted above, the Settlement Agreement's Release provides as

10   follows:

11        Plaintiffs and Class Members . . . fully release and discharge Defendants and any
12        parent, subsidiary, affiliate, predecessor or successor, and all agents, employees,
         officers, directors, insurers, and attorneys therefor from any and all claims, debts,
13        liabilities, demands, obligations, guarantees, costs, expenses, attorney fees,
         penalties, damages, action or causes of action contingent or accrued for, or which
14        relate to or arise out of the allegations and claims asserted in the operative
         complaint in the Action and any and all related claims.
15

16   ECF No. 176 at 12.  As the Court noted at the Preliminary Approval Hearing, there appears to be

17   some tension between the Class definition and the Release, which could create confusion for Class

18   Members.  For example, is a Manpower "franchise" that is excluded from the Class definition a

19   Manpower "affiliate" as defined in the Release?  The parties' amended motion for preliminary

20   approval, amended Settlement Agreement, and proposed Notice are to address and resolve the

21   tension between the Class definition and the Release.

22   **C.  Objection Procedure**

23        On September 6, 2016, in response to the Court's order, the parties filed a proposed

24   objection form.  This objection form directs Class Members to either (1) mail their objections to

25   the Settlement Administrator, or (2) file their objections to any district court in the Northern

26   District of California in person.  ECF No. 181.

27        There are several issues with this procedure.  First, this procedure does not conform to the

28   
Case No. 14-CV-03787-LHK
ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

procedure set forth in the Settlement Agreement, which only requires the mailing of objections to the Settlement Administrator and does not provide any other method for lodging objections.  ECF No. 176 at 33.  Second, the procedure could result in confusion: it sets forth two different avenues to object (mail or file) to two different institutions (the Settlement Administrator and the U.S. District Court).  Third, some Class Members may not know how to file a document with the Court, as the procedures for doing so can be complex.  Accordingly, the parties are ORDERED to modify the proposed Notice to conform to the Settlement Agreement, which requires only the mailing of objections to the Settlement Administrator.

### D.  Other Issues

The Court also raised other issues at the Preliminary Approval Hearing.[2]  For instance, in the parties' amended motion for preliminary approval, the parties will provide legal authority on how the proposed class satisfies Federal Rule of Civil Procedure 23(b)(3).  Specifically, Rule 23(b)(3) requires a court to find that "questions of law or fact common to class members predominate over any questions affecting only individual members" before certifying a monetary damages class.  Fed. R. Civ. P. 23(b)(3).  In addition, the parties have indicated that they will change the *cy pres* recipient, from the Interdisciplinary Center for Healthy Workplaces to the California Department of Industrial Relations.  The parties are directed to make conforming changes to the amended Settlement Agreement and proposed Notice.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' motion for preliminary approval of class action settlement is DENIED.  Plaintiffs are instructed to file an amended motion for preliminary

---

[2] During the Preliminary Approval Hearing, the Court requested that the parties make additional revisions to the proposed Notice.  Specifically, in Question 12, the parties are to clarify the following sentence: "If the Court denies approval, no settlement payments will be sent out and the Lawsuit will continue."  ECF No. 181 at 5.  The parties should clarify that no settlement payments will be made pursuant to the current settlement.  In addition, in Question 13, the parties are to change the following sentence: "If there are objections and they have been properly lodged, the Court will consider them."  *Id.* at 6.  The parties are to remove language about an objection being "properly lodged."  The parties may modify this sentence to state that the Court will consider timely objections.

Case No. 14-CV-03787-LHK
ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

approval, with an amended Settlement Agreement and proposed Notice, by October 6, 2016.  The amended motion, amended Settlement Agreement, and proposed Notice must cure the deficiencies outlined in this Order.

**IT IS SO ORDERED.**

Dated:  September 8, 2016.

_____
LUCY H. KOH
United States District Judge

Case No. 14-CV-03787-LHK
ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT