1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JUVENTINA MATA, et al.,

        Plaintiffs,

   v.

MANPOWER INC. / CALIFORNIA
PENINSULA, et al.,

       Defendants.

Case No. 14-CV-03787-LHK

**ORDER DENYING MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT**

Re: Dkt. No. 175

Plaintiffs Lesli Guido and Claudia Padilla ("Plaintiffs") bring this action against

Defendants Manpower Inc.; Manpower, Inc./California Peninsula; and ManpowerGroup US Inc.

(collectively, "Defendants"). Before the Court is Plaintiffs' supplemental motion for preliminary

approval of class action settlement. ECF No. 184 ("Supp. Mot."). The Court held a hearing on

this motion on December 22, 2016. Having considered Plaintiffs' motion, the arguments of

counsel at the December 22, 2016 hearing, the relevant law, and the record in this case, the Court

DENIES Plaintiffs' motion for preliminary approval. The parties are ORDERED to file an

amended motion for preliminary approval, as well as an amended Settlement Agreement and

proposed Notice, by January 17, 2017.

# I.      BACKGROUND

## A. Factual Background

Defendant Manpower Inc. ("Manpower Inc."), is a Wisconsin corporation that "conduct[s] business throughout the State of California." ECF No. 81 ¶ 8.  Manpower Inc. "own[s], operate[s] and control[s] a business for the purpose of operating an employment agency" for temporary service workers. *Id.* ¶ 18–19.  Manpower Inc. employed temporary service workers in California from 2009 to 2013.  ECF No. 133 at 25.  In January 2013, Manpower Inc. changed its name to ManpowerGroup Inc. ("ManpowerGroup"). ECF No. 137 at 4; ECF No. 133 at 12.  In addition, after this name change, ManpowerGroup ceased employing temporary service workers in California.  Any temporary service workers previously employed by Manpower Inc. were transferred to one of Manpower Inc.'s subsidiaries.

Defendant Manpower, Inc./California Peninsula ("Manpower CP") is a California corporation that began operations in 1968.  ECF No. 48-2 at 1.  In 2008, Manpower Inc. purchased Manpower CP, ECF No. 81 ¶ 15, and Manpower CP became a subsidiary of Manpower Inc., ECF No. 133 at 25.  Manpower CP continues to employ temporary service workers in California.

Defendant ManpowerGroup US Inc. ("ManpowerGroup US"), is a Wisconsin corporation.  ECF No. 81 ¶ 9.  ManpowerGroup US provides back-office services and upper-level operational oversight for Manpower CP.  ManpowerGroup US does not employ temporary service workers in California, and it is unclear whether ManpowerGroup US has a parent-subsidiary relationship with any of the other Defendants.

Plaintiff Claudia Padilla ("Padilla") was employed by Manpower CP from December 2011 to March 2014.  ECF No. 81 ¶ 38.  Plaintiff Lesli Guido ("Guido") was employed by Manpower CP from March 2011 to October 2011.  *Id.* ¶ 48.  A third Plaintiff, Juventina Mata, was dismissed from the instant action after the parties discovered that "there [was] no record of Ms. Mata ever having worked for any of the Defendants."  ECF No. 38 at 5.

As part of their employment, Plaintiffs allege that Defendants required Plaintiffs to attend an orientation as well as trainings related to Defendants' timekeeping and other internal processes.

Case No. 14-CV-03787-LHK
ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

ECF No. 81 ¶ 23.  Plaintiffs further aver that they were required to attend client-specific orientations and meetings, which included post-termination meetings.  *Id.*  Plaintiffs assert that Defendants did not pay Plaintiffs for engaging in these activities, did not reimburse Plaintiffs for expenses incurred related to these activities, and did not provide accurate wage statements to reflect Plaintiffs' participation in these activities.  *Id.*

**B. Procedural History**

This is not the first time that persons in California have brought a putative wage and hour class action lawsuit against a Manpower entity.  In fact, the Court is aware of at least nine such cases.  The Court briefly reviews these nine cases below.

**1.  *Willner v. Manpower Inc.*, No. 11-CV-2846-JST (N.D. Cal.) ("*Willner I*")**

On March 17, 2011, Vera Willner ("Willner"), an employee of Manpower Inc., "br[ought] [a] . . . putative class action against Manpower [Inc.] for California Labor Code violations stemming from Manpower [Inc.]'s failure to furnish accurate wage statements and failure to timely pay all wages to employees who received their wages by U.S. mail."  *Willner v. Manpower Inc.*, No. 11-CV-2846-JST ("*Willner I*"), ECF No. 196 ("*Willner* Prelim. Approval") at 1 (internal quotation marks and alteration omitted).  The case was assigned to U.S. District Judge Jon Tigar.

Although Willner eventually amended her complaint five times, Manpower Inc. was the only named defendant in all six of her complaints.  Willner was not employed by Manpower CP, and Willner did not name either Manpower CP or ManpowerGroup US as defendants in *Willner I*.

In the operative complaint, Willner asserted the following five causes of action: "(1) violations of California Labor Code section 201.3(b)(1) for failure to pay timely weekly wages; (2) violations of California Labor Code section 226 for failure to furnish accurate wage statements; (3) violations of California's Unfair Competition Law ('UCL') for failure to provide accurate wage statements and to pay timely wages; (4) penalties under the Private Attorney General Act ('PAGA') for failure to provide accurate wage statements and to pay timely wages; and (5) violations of California Labor Code sections 201 and 203 for failure to pay timely wages due at separation."  *Id.* at 1–2.

Case No. 14-CV-03787-LHK
ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

United States District Court
Northern District of California

1    On August 1, 2014, the *Willner I* parties moved for preliminary approval of a class action

2    settlement. *Willner I*, ECF No. 150. Plaintiffs in the instant case—Guido and Padilla—objected

3    to this preliminary approval motion. *Willner I*, ECF No. 154. Manpower Inc. responded to Guido

4    and Padilla's objections by arguing that Guido and Padilla "lack[ed] standing to object" because

5    they had been employed by Manpower CP, not Manpower Inc. *Willner I*, ECF No. 162 at 1–2.

6    Furthermore, Manpower Inc. contended that Willner's request for damages was "predicated upon

7    the late mailing of paychecks," whereas the underlying claim in *Mata* involves a "failure to pay

8    any wages whatsoever for certain hours worked." *Id.* at 4 (emphasis removed). Accordingly,

9    Manpower Inc. argued that "the claims in *Mata* are unrelated to the claims in" *Willner I*. *Id.*

10    In light of Guido and Padilla's objections, Judge Tigar ordered "the *Willner* [*I*] parties to

11    clarify the release language [in the *Willner I* settlement] so as to ensure that the *Willner* [*I*] class

12    d[oes] not overlap with the *Mata* class." *Padilla v. Willner*, 2016 WL 860948, *2 (N.D. Cal. Mar.

13    7, 2016). The *Willner I* parties complied with Judge Tigar's request, and filed an amended motion

14    for preliminary approval. Once again, Guido and Padilla filed objections.

15    On January 2, 2015, Judge Tigar overruled Guido and Padilla's objections and granted the

16    renewed motion for preliminary approval. Judge Tigar found "that the amended settlement

17    agreement ha[d] corrected the . . . deficiencies [previously] identified," as "the parties have revised

18    the language of the release to clarify that it applies only to claims that 'arise out of the allegations

19    in the [*Willner I*] lawsuit.'" *Willner* Prelim. Approval at 4–5. Judge Tigar's Preliminary Approval

20    Order defined the settlement class as follows:

21       All persons who were or are employed by Manpower Inc. in California as
22       temporary employees at any time from March 17, 2010 through January 20, 2012
         and who received their wage statements (i.e. paystub) by U.S. mail, payment card
23       or electronic submission, except individuals who were or are at the same time
         jointly employed by a franchisee of Manpower Inc., including but not limited to,
24       franchisee CLMP LTD., dba Manpower of Temecula.

25    *Id.* at 6. Judge Tigar granted final approval of the class action settlement in *Willner I* on June 22,

26    2015. *Willner I*, ECF No. 208.

27    **2. *Padilla v. Willner*, 15-CV-4866-JST (N.D. Cal.) ("*Willner II*")**

28
4
Case No. 14-CV-03787-LHK
ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

On October 22, 2015, Guido and Padilla filed suit against Willner and Manpower Inc. *Padilla v. Willner* ("*Willner II*"), 15-CV-4866-JST.  Pursuant to Federal Rule of Civil Procedure 60(b), which allows parties to seek relief "from a final judgment," Guido and Padilla sought, in *Willner II*, to set aside the Final Approval Order in *Willner I*.  Fed. R. Civ. P. 60(b).

*Willner II* was originally assigned to U.S. District Judge Thelton Henderson, but was reassigned to Judge Tigar after Judge Tigar found *Willner II* to be related to *Willner I*.  *Willner II*, ECF No. 20.  In December 2015, the *Willner II* defendants filed separate motions to dismiss. *Willner II*, ECF No. 24 & 26.  On March 7, 2016, Judge Tigar granted these motions to dismiss with prejudice.  *Padilla v. Willner*, 2016 WL 860948 (N.D. Cal. Mar. 7, 2016).

In reaching this decision, Judge Tigar observed that, "under well-established principles of comity, it would be very much improper to grant Plaintiffs the relief they request."  *Id.* at *5. Indeed, "Plaintiffs . . . appear to be seeking relief in this Court in order to avoid those rulings in the *Mata* case they don't like.  Under these circumstances, abstention is appropriate."  *Id.*  In addition, Judge Tigar found that "Plaintiffs lack[ed] standing to request [that] the *Willner* [*I*] settlement be vacated because they were never members of the *Willner* [*I*] class and were therefore unaffected by the order approving the *Willner* [*I*] settlement."  *Id.* at *6; *see also id.* at *7 ("[Plaintiffs'] alleged injury fails to meet *any* of the elements of standing.") (emphasis added).

On April 4, 2016, Plaintiffs' counsel in the instant case filed a notice of appeal to the Ninth Circuit of Judge Tigar's March 7, 2016 decision in *Willner II*.  The appeal remains pending.

### 3. *Ramirez v. Manpower Inc.*, No. 13-CV-2880-BLF (N.D. Cal.) ("*Ramirez I*")

On February 13, 2013, Patricia Ramirez ("Ramirez"), who was employed by Manpower CP from January 1 to January 25, 2013, filed suit against Manpower Inc.  *Ramirez v. Manpower Inc.* ("*Ramirez I*"), No. 13-CV-2880-BLF.  Ramirez was represented by the same counsel as Plaintiffs' counsel in the instant case.  On May 3, 2013, Ramirez added ManpowerGroup Public Sector Inc. and ManpowerGroup US as defendants in *Ramirez I*.  *Ramirez I*, ECF No. 1 at 2.  The case was initially assigned to U.S. District Judge Edward Davila, and was later reassigned to U.S. District Judge Beth Freeman.  *Ramirez I*, ECF No. 59.

Case No. 14-CV-03787-LHK
ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

United States District Court
Northern District of California

The allegations in *Ramirez I* are substantially similar to the allegations in the instant case. The original complaint in *Ramirez I*, for instance, alleges that "Defendants maintained a policy and practice throughout the Class Period of requiring employees to attend unpaid training sessions for employees and whose employment had been terminated by Defendants at Defendants' customer(s) request, to attend a termination meeting at Defendants' local office, or other place designated by Defendants, without paying those employees for the time they spent attending such meetings." *Ramirez I*, ECF No. 1 ("*Ramirez I* Compl.") ¶ 19.  The Class Period in *Ramirez I* was "defined as the period of time beginning four years before the commencement of this action through the date on which each class or subclass herein is confirmed."  *Id.* ¶ 2.  Because *Ramirez I* was filed on February 13, 2013, the *Ramirez I* Class Period began on February 13, 2009.

Ramirez asserted the following causes of action in the original complaint: (1) failure to pay reporting time pay, in violation of California Labor Code § 218; (2) knowing and intentional failure to comply with itemized employee wage statement provisions, in violation of California Labor Code §§ 226(a), 1174, and 1175; (3) failure to pay wages timely, in violation of California Labor Code § 204; (4) violation of California Labor Code § 216; (5) failure to pay all wages upon termination, in violation of California Labor Code §§ 201, 202, and 203; and (6) violation of the UCL.  *Id.* at ¶¶ 41–79.

On January 13, 2014, the *Ramirez I* court granted a motion to join Manpower CP as a defendant in *Ramirez I*.  *Ramirez I*, ECF No. 31 at 6–7.  On January 31, 2014, Ramirez filed an amended complaint.  *Ramirez I*, ECF No. 32.  This complaint asserted the same causes of action as the original complaint, along with additional causes of action for: (1) compensation for unpaid wages, pursuant to California Labor Code §§ 1194 and 1198 and IWC Wage Order No. 4-2001, and (2) enforcement of the California Labor Code under PAGA.  *Id.* ¶¶ 60–62, 94–96.  The amended complaint defined the Class Period as: "the period of time beginning four years before the commencement of this action (February 13, 2013 as to Manpower, Inc.; ManpowerGroup Public Sector, Inc.; and ManpowerGroup US Inc.; and April 12, 2013 as to Manpower, Inc./ California Peninsula) through the date on which [the class] is confirmed."  *Id.* ¶ 2.

Case No. 14-CV-03787-LHK
ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

United States District Court
Northern District of California

United States District Court
Northern District of California

1    On May 22, 2014, the *Ramirez I* defendants moved for summary judgment.  On July 10,

2    2014, Judge Freeman granted summary judgment in favor of the *Ramirez I* defendants.  *Ramirez I*,

3    ECF No. 111.  During the pendency of *Ramirez I*, Ramirez had filed a petition for Chapter 7

4    bankruptcy in the United States Bankruptcy Court for the Northern District of California.  *Id.* at 3.

5    Ramirez, however, "did not disclose" her involvement in *Ramirez I* "in her Schedule of Assets."

6    *Id.*  As Judge Freeman explained, "[i]n the bankruptcy context, the federal courts have developed a

7    basic default rule: If a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the

8    bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the

9    action." *Id.* at 6.

10        **4.  *Ramirez v. Manpower CP*, No. 13-CV-3238-EJD (N.D. Cal.) ("*Ramirez II*")**

11   On April 12, 2013, Ramirez filed a second putative class action lawsuit, this time against

12   Manpower CP.  *Ramirez v. Manpower, Inc./California Peninsula* ("*Ramirez II*"), No. 13-CV-

13   3238-EJD.  As in *Ramirez I*, Ramirez was represented by the same counsel as Plaintiffs' counsel

14   in the instant case.  *Ramirez II* was assigned to U.S. District Judge Edward Davila.

15        The *Ramirez II* complaint contained the same causes of action as *Ramirez I*, based on the

16   same allegations.  *See, e.g.*, *Ramirez II*, ECF No. 25 at 1 (*Ramirez II* court observing that *Ramirez*

17   *I* and *Ramirez II* "allege[] substantially similar, if not identical, [California] Labor Code

18   violations.").  The only apparent difference was the defendants named in the respective actions:

19   Manpower Inc.; ManpowerGroup Public Sector, Inc.; and ManpowerGroup US were defendants

20   in *Ramirez I*, and Manpower CP was the defendant in *Ramirez II*.  After Manpower CP became a

21   defendant in *Ramirez I*, Judge Davila issued an Order to Show Cause "why [*Ramirez II*] should

22   not be dismissed as [being] duplicative of [*Ramirez I*]." *Id.* at 2.  In response to this Order, the

23   *Ramirez II* parties filed a stipulation of dismissal on January 21, 2014.  *Ramirez II*, ECF No. 26.

24        **5.  *Stimpson v. Manpower US Inc.*, No. 15-CV-0829-GPC (S.D. Cal.) ("*Stimpson*")**

25   On March 12, 2015, Tiffany Stimpson ("Stimpson") filed a putative class action lawsuit

26   against Manpower US Inc. in San Diego County Superior Court.  *Stimpson v. Manpower US Inc.*,

27   No. 15-CV-0829-GPC ("*Stimpson*"), ECF No. 1-4.  The case was removed to the Southern

28
     7

District of California on April 15, 2015, and assigned to U.S. District Judge Gonzalo Curiel.  ECF No. 1.

On December 28, 2015, Stimpson filed an amended complaint, which named as defendants Manpower US Inc. and CPM LTD. (d/b/a Manpower, Manpower of San Diego, and Manpower Temporary Services).  *Stimpson*, ECF No. 15.  This amended complaint asserted the following causes of action: (1) failure to pay minimum wages, in violation of California Labor Code §§ 1194(a) and 1198; (2) failure to pay reporting time pay, in violation of California Labor Code § 218; (3) improper wage statements, in violation of California Labor Code § 226(a); (4) wages not paid upon termination, in violation of California Labor Code §§ 201–203; (5) unlawful paying of a lower wage, in violation of California Labor Code §§ 222 and 223; and (6) unfair competition, in violation of California Business and Professions Code § 17200.  Plaintiff in *Stimpson* alleges that "Manpower had a uniform policy of not compensating Class Members for orientation time or the time they spent participating in interviews on Manpower's behalf."  *Id.* ¶ 28.  The claims in *Stimpson* and *Mata* are so similar that the amended complaint in *Stimpson* seeks equitable tolling on the basis of *Mata*.  *Id.* ¶ 42.  On August 5, 2016, the parties in *Stimpson* stipulated to dismiss Manpower US Inc. without prejudice.  *Stimpson*, ECF No. 34.

### 5.  Various State Court Cases (Monterey and Santa Cruz County Superior Courts) ("*Sanchez*", "*Rico*," "*Zemudio*," and "*Martinez*")

Finally, there are at least three cases proceeding in California state court involving claims similar to those at issue in the instant case.  On October 13, 2015, Keurig Green Mountain, Inc. ("Keurig") filed a notice in the docket of the instant case.  ECF No. 75.  In this notice, Keurig stated that it was being sued in Monterey County Superior Court by Plaintiffs' counsel in *Mata*. *Id.* at 3; *see Sanchez v. Keurig Green Mountain, Inc.*, No. M132626 ("*Sanchez*").  According to Keurig, Plaintiffs' counsel had asserted the same causes of action as Plaintiffs' counsel had asserted in *Mata*, and the crux of the *Sanchez* action was that Keurig worked with Manpower CP to deny wages to employees.

Another state court case, *Rico v. Manpower, Inc./California Peninsula*, No. M135340

Case No. 14-CV-03787-LHK
ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

United States District Court
Northern District of California

("*Rico*"), involves "donning and doffing" claims asserted against various Manpower entities. ECF No. 176 at 34. The case is being heard in Monterey County Superior Court. *Rico* arose because of an earlier case, *Zemudio v. Dole Food Co.*, No. M.121212 ("*Zemudio*"), which involved meal period, rest period, and donning and doffing claims at Dole's Camphora Road facility in Soledad, California. The members of the putative *Zemudio* class who were employees of Manpower instituted *Rico* as a second lawsuit because they believed that the time-keeping system used by Manpower employees resulted in a greater loss of wages than those of the remaining class members in *Zemudio*.

Finally, *Martinez v. Harmony Foods Corporation*, No. CV177053 ("*Martinez*"), involves meal and rest period claims asserted against entities that may have employed Manpower associates. The case is being heard in Santa Cruz County Superior Court.

### 6. The Instant Action

Plaintiffs filed the original complaint in the instant case on May 29, 2014. ECF No. 1-1 ("Compl."). This complaint named Manpower CP, Manpower US Inc., Manpower Inc., ManpowerGroup Public Sector Inc., and ManpowerGroup US as Defendants, Compl. ¶¶ 6–10, and asserted the following causes of action: (1) failure to pay reporting time pay, in violation of California Labor Code § 218; (2) failure and refusal to pay agreed wages, in violation of California Labor Code §§ 201, 202, 204, 216, 218, 221, 223, 1194, and 1198, Wage Order No. 4-2001, and 8 CCR § 11040(11); (3) knowing and intentional failure to comply with itemized employee wage statement provisions, in violation of California Labor Code §§ 226(a), 1174, and 1175 and Wage Order No. 4-2001; (4) failure to pay wages timely, in violation of California Labor Code § 204; (5) failure to pay all wages upon termination, in violation of California Labor Code §§ 201, 202, and 203; and (6) violation of the UCL. *Id.* ¶¶ 46–94. Plaintiffs sought to represent a class comprised of "[a]ll current and former employees of Defendants who worked in California . . . during [a specific] Class Period." *Id.* ¶ 36.

On July 21, 2014, Plaintiffs filed the First Amended Complaint ("FAC"). ECF No. 1-2 ("FAC"). The FAC continued to name Manpower CP, Manpower US Inc., Manpower Inc.,

Case No. 14-CV-03787-LHK
ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

United States District Court
Northern District of California

1   ManpowerGroup Public Sector Inc., and ManpowerGroup US Inc. as Defendants.  In addition to

2   the causes of action alleged in the original complaint, the FAC added the following causes of

3   action: (1) violation of California Labor Code § 216; (2) failure to pay minimum wages, in

4   violation of California Labor Code §§ 1197 and 1199 and the Wage Order; and (3) enforcement of

5   the California Labor Code under PAGA.  FAC ¶¶ 100–15, 142–50.  Finally, the FAC defined the

6   Class Period as "the period of time beginning February 13, 2009, through the date of entry of

7   Judgment herein."  *Id.* ¶ 2.  In general, the statute of limitations for most of Plaintiffs' claims was

8   four years.  However, the FAC sought tolling based on *Ramirez I*, which was filed on February 13,

9   2013.

10      On August 11, 2015, the parties filed a stipulation of dismissal as to ManpowerGroup

11   Public Sector Inc., as the parties acknowledged that ManpowerGroup Public Sector Inc. did not

12   employ temporary non-exempt workers in California during the Class Period.  ECF No. 42.

13      On August 13, 2015, Plaintiffs moved for leave to file a Second Amended Complaint.

14   Plaintiffs' proposed Second Amended Complaint sought to: "(1) name ManpowerGroup [] as a

15   Defendant, taking into account an alleged name change from Manpower Inc. . . . to

16   ManpowerGroup []; (2) revise the FAC's proposed class definitions; and (3) allege an earlier date

17   of March 17, 2007 for the beginning of the Class Period based on the argument that putative class

18   action complaints filed in *Willner* [*I*] tolled the applicable statutes of limitations."  ECF No. 78

19   ("SAC Order") at 5.

20      On October 29, 2015, the Court granted in part and denied in part Plaintiffs' motion.  The

21   Court granted Plaintiffs' proposal to name ManpowerGroup as a Defendant, as "Defendants [had]

22   concede[d] that the corporate entity changed its name as Plaintiffs allege."  *Id.* at 6.  The Court

23   also granted Plaintiffs' proposal to revise Plaintiffs' class definitions.  *Id.* at 9.  The Court denied

24   Plaintiffs' request to allege an earlier date for the Class Period based on *Willner I*.  As the Court

25   explained, "the present case involves issues that were not present in *Willner* [*I*]."  *Id.* at 12.  Thus,

26   "Plaintiffs cannot rely on *Willner* [*I*] to toll the statute of limitations."  *Id.*  Additionally, the Court

27   observed that "the *Mata* Plaintiffs are *not* on the *Willner* [*I*] class list."  *Id.*

28

Case No. 14-CV-03787-LHK
ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

On November 2, 2015, Plaintiffs filed the Second Amended Complaint.  ECF No. 81 ("SAC").  Although the Court had denied Plaintiffs' attempt to allege an earlier Class Period based on *Willner I*, the SAC nonetheless referred to *Willner I*.  Specifically, the SAC defined the Class Period as follows:

> [T]he period of time beginning February 13, 2009, through the date of entry of Judgment herein, based upon the fact that putative class action complaints were filed in *Willner v. Manpower, Inc*. [*Willner I*], U.S.D.C., Northern District of California Case No. 3:11-cv-02846-JST, filed on March 17, 2011, and *Ramirez v. Manpower, Inc./California Peninsula* [*Ramirez II*], U.S.D.C. Northern District of California Case No.  5:13-cv-02880-EJD, filed on April 12, 2013, and these actions define proposed classes and alleged claims that overlap with the proposed classes and claims alleged herein.

SAC ¶ 2.  On August 27, 2015, while Plaintiffs' motion for leave to file the SAC was still pending, Defendants moved for partial summary judgment.  ECF No. 48.  "Defendants move[d] for summary judgment on two grounds."  ECF No. 144 at 10.  "First, Manpower Inc. (now known as ManpowerGroup []) contend[ed] that the settlement and release in *Willner* prohibits the putative class members from pursuing [certain claims] in the instant case."  *Id.* at 11.  "Second, Manpower US contend[ed] that the named Plaintiffs were employed only by Manpower CP and not Manpower US, and thus Plaintiffs lack[ed] standing to sue Manpower US."  *Id.*

On January 31, 2016, the Court granted in part and denied in part Defendants' partial summary judgment motion.  The Court found in Defendants' favor as to Plaintiffs' standing to bring suit against Manpower US, and Manpower US was dismissed with prejudice.  ECF No. 146.  However, the Court denied summary judgment as to Defendants' contention that the "release in *Willner* prohibits the putative class members [in *Mata*] from pursuing [various claims]."  ECF No. 144 at 11.  This Court noted that, "[b]ased on Manpower Inc.'s representations regarding the scope of the *Willner* [*I*] settlement," the "release [in *Willner I*] was only intended to encompass claims based on untimely receipt of paychecks, not claims such as those here," which are "based on a complete failure to pay."  *Id.* at 13.[1]

---

[1] On March 14, 2016, the Court issued an amended Summary Judgment Order.  ECF No. 154. This amended Order corrects an error in the Court's January 31, 2016 Summary Judgment Order,

Case No. 14-CV-03787-LHK
ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

United States District Court
Northern District of California

1    On December 8, 2015, Defendants filed a motion to strike, which sought to strike the

2   following Class Period allegations from paragraph 2 of the SAC:

3        [T]he period of time beginning February 13, 2009, through the date of entry of
         Judgment herein, based upon the fact that putative class action complaints were
4        filed in *Willner v. Manpower, Inc.*, U.S.D.C., Northern District of California Case
         No. 3:11-cv-02846-JST, filed on March 17, 2011, and *Ramirez v. Manpower,
5        Inc./California Peninsula*, U.S.D.C. Northern District of California Case No.
         5:13-cv-02880-EJD, filed on April 12, 2013, and these actions define proposed
6        classes and alleged claims that overlap with the proposed classes and claims
         alleged herein.
7

8   ECF No. 134 at 1.  The Court granted in part and denied in part Defendants' motion.  First, the

9   Court agreed with Defendants that Plaintiffs' attempt to use *Willner I* to set the Class Period was

10  "improper."  *Id.* at 17.  The Court emphasized "that this is the seventh time that Plaintiffs have

11  been instructed that the claims in the instant case are different from the claims in *Willner I* [or

12  *Willner II*].  The Court will not accept any further attempts by Plaintiffs to relate or entangle the

13  proceedings of the instant case with those in *Willner I* or *Willner II*."  *Id.*

14       The Court went on to conclude that the Class Period would begin on February 13, 2009 for

15  Manpower Inc. and ManpowerGroup US Inc., which is four years before *Ramirez I* was filed, and

16  would begin on April 12, 2009 for Manpower CP, which is four years before *Ramirez II* was filed.

17       On March 4, 2016, Plaintiffs moved for class certification.  ECF No. 152.  The motion was

18  set for hearing on May 19, 2016, at 1:30 p.m.  On May 16, 2016, the parties filed a stipulation

19  which stated that they had "reached a settlement in principle that would resolve the case."  ECF

20  No. 171 at 2.  Plaintiffs subsequently filed the instant motion for preliminary approval of class

21  action settlement on June 9, 2016.  This motion included copies of the proposed Notice and

22  Settlement Agreement.  The motion for class certification was denied as moot, and the class

23  certification hearing was vacated.  ECF Nos. 173, 177.

24       The Court held a hearing on the motion for preliminary approval on September 8, 2016.

25  ECF No. 183. After the hearing, the Court denied the motion for preliminary approval. ECF No.

26

27  which has "no impact on the outcome of the Court's [January 31, 2016] Summary Judgment
    Order."  ECF No. 153.

28
    Case No. 14-CV-03787-LHK
    ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1    182. The Court held that the proposed settlement contained "obvious deficiencies" such as "(a) the

2    failure of the Settlement Agreement and proposed Notice to notify Class Members about related

3    cases and released claims, (b) tension over the Class definition and released claims, (c) issues

4    regarding the objection procedure, and (d) other issues." *Id.* at 13. The Court ordered that the

5    parties file a renewed motion for settlement addressing these deficiencies by October 6, 2016. *Id.*

6    at 20. In response, the parties filed the instant renewed motion for preliminary approval on

7    October 6, 2016. ECF No. 184.

8    **II.      LEGAL STANDARD**

9            Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a

10   certified class may be settled . . . only with the court's approval." Fed. R. Civ. P. 23(e).  "The

11   purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair

12   settlements affecting their rights."  *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir.

13   2008).  Accordingly, in order to approve a class action settlement under Rule 23, a district court

14   must conclude that the settlement is "fundamentally fair, adequate, and reasonable."  *Hanlon v.*

15   *Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

16           Preliminary approval of a settlement and notice to the class is appropriate if "[1] the

17   proposed settlement appears to be the product of serious, informed, non-collusive negotiations, [2]

18   has no obvious deficiencies, [3] does not improperly grant preferential treatment to class

19   representatives or segments of the class, and [4] falls within the range of possible approval."  *In re*

20   *Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (citing Manual for

21   Complex Litigation (Second) § 30.44); *see also In re High-Tech Emp. Antitrust Litig.*, 2014 WL

22   3917126, *3 (N.D. Cal. Aug. 8, 2014).

23   **III.     DISCUSSION**

24           Plaintiffs' October 6, 2016 renewed motion for preliminary approval addresses many of

25   the deficiencies that the Court identified in its September 8, 2016 order denying preliminary

26   approval, and the Court appreciates the parties' efforts. However, Plaintiffs' renewed motion for

27   preliminary approval is still deficient and therefore denial of preliminary approval is warranted.

28

Case No. 14-CV-03787-LHK
ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

United States District Court
Northern District of California

Despite the Court's earlier finding that the language of the Release was too broad and inconsistent with Ninth Circuit law, the parties have failed to narrow the language of the Release. This deficiency alone justifies denying the renewed motion.

### A.  Scope of the Release

In the Court's September 8, 2016 order denying preliminary approval, the Court noted that "the Release applies to 'any and all related claims,' which includes violations of numerous sections of the California Labor Code, *all* Industrial Welfare Commission Wage Orders, California Business and Professions Code § 17200, and any other related claim that is 'known or unknown, contingent or accrued, statutory or common law.'" ECF No. 182 at 17. The Court reiterated its past holding that where "the release in a settlement agreement does not limit released claims to those arising out of the facts alleged in the complaint, denial of . . . approval [to] the settlement is appropriate." *Id.* (quoting *Chavez v. PVH Corp.*, 2015 WL 581382, *6 (N.D. Cal. Feb. 11, 2015)). In light of this holding, the Court held that "the breadth of the Release, in conjunction with the numerous possible related state and federal cases, is an obvious deficiency that precludes preliminary approval." *Id.*

Despite the Court's holding that the Release, and particularly the section applying to "any and all related claims," was deficient because it was overbroad, the parties did not change this portion of the Release in their renewed motion for preliminary approval. The relevant language of the Release, which is identical to the language of the Release in the last proposed settlement, releases the following:

> [A]ny and all claims . . . which relate to or arise out of the allegations and claims asserted in the operative complaint in the action and any and all related claims, including claims for unpaid wages, minimum wage, overtime, final wages, itemized wage statements or violations of California Labor Code sections 201, 202, 203, 218.5, 226, 226.7, 510, 512, 558, 1194, 1198, 2698 to 2699.5, the Industrial Welfare Commission Wage Orders, and Business and Professions Code § 17200 et seq., California Code of Civil Procedure 1021.5, damages and/or

penalties whether any such related claim is known or unknown, contingent or

accrued, statutory or common law.

As in the last proposed settlement, this Release is overbroad. A plain reading of the language of

the Release suggests that class members are giving up not only claims "which relate to or arise out

of" the facts of the case, but are also giving up "any and all related claims." For example, the

Release suggests that *any* claim for unpaid wages against a Defendant would be a related claim,

even if the facts of that unpaid wages claim were entirely different from the facts in the instant

case.

The scope of the Release in the proposed settlement is not consistent with Ninth Circuit

case law. The Ninth Circuit has held that "[a] settlement agreement may preclude a party from

bringing a related claim in the future even though the claim was not presented and might not have

been presentable in the class action, but only where the released claim is based on the identical

factual predicate as that underlying the claims in the settled class action." *Hesse v. Sprint Corp.*,

598 F.3d 581, 590 (9th Cir. 2010) (internal quotation marks omitted).

Here, the Release in the proposed settlement is not so limited. Whatever the precise

meaning of the phrase "any and all related claims," it is clear that the phrase is meant to sweep

more broadly than claims that are "based on the identical factual predicate as that underlying the

claims in the settled class action." *Hesse*, 598 F.3d at 590. This Court has repeatedly held that such

overbreadth in a proposed release is an obvious deficiency that warrants denying preliminary

approval. *See Chavez v. PVH Corp.*, 2015 WL 581382, *6 (N.D. Cal. Feb. 11, 2015); *Johnson v.

Quantum Learning Network, Inc.*, Case No. 15-CV-05013-LHK, ECF No. 43, at 4–5 (August 12,

2016); *McKeen-Chaplin v. Franklin Am. Mortg. Co.*, 2012 WL 6629608, at *5 (N.D. Cal. Dec. 19,

2012).

Thus, the Court reiterates its previous holding that the breadth of the proposed Release is a

deficiency that precludes preliminary approval. ECF No. 182, at 17. In order to remedy this

deficiency, Plaintiffs are ORDERED to file an amended motion for preliminary approval, with an

amended Settlement Agreement and proposed Notice.  Both the amended Settlement Agreement

15

United States District Court
Northern District of California

and proposed Notice must contain a revised Release that conforms to the requirements of Ninth

Circuit case law.

**B. Other Issues**

The parties shall make the following changes to the Notice:

Next to the box labeled "Object" under the table entitled "Your Legal Rights and Options

in this Settlement," the parties shall revise the language to read as follows: "If you do not opt out,

you may object to the settlement by filling out the objection form and mailing the form to the

Settlement Administrator, CPT Group, as described under Question 13. The Court will consider

timely objections."

Next to the box labeled "Attend a Hearing" under the table entitled "Your Legal Rights

and Options in this Settlement," the parties state that objections must be filed and served even

though the parties have stipulated that objections shall be mailed to the Administrator.

Accordingly, the parties shall revise the language to read as follows: "The Court will hold a

hearing on [ENTER DATE AND TIME] to determine whether the settlement is fair, as discussed

in Question 14 below. You may attend the hearing, but you are not required to attend. If you

timely fill out and mail the objection form, and if you also want to speak about your objection, you

should send a letter to the Settlement Administrator, CPT Group, giving notice of your intention to

appear and speak at the hearing."

Under Question 2, on the first line of the text the word "their" shall be replaced with the

word "the."

Under Question 3, in the first full sentence on page 3, the parties shall delete the phrase "if

they comply with the instructions in this Class Notice."

Under Question 5, the parties shall add a comma after the phrase "You can do nothing"

and a comma after the phrase "and if you are entitled to a payment."

Under Question 6, the parties shall specify where the Joint Stipulation of Class Settlement

is available for review. The parties shall also update the amount of the base payment because, as

the parties stated at the December 22, 2016 hearing, the increase in the class size reduces the base

Case No. 14-CV-03787-LHK
ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1   payment.

2         Under Question 9, the parties shall include a definition of "Manpower franchise." The

3   parties shall make the same change to the Release in the Joint Stipulation of Class Settlement.

4         Under Question 9, the Notice contains the following sentence before discussing the

5   proposed settlement's effect on possibly related cases: PLAINTIFF'S COUNSEL IS SOLELY

6   RESPONSIBLE FOR THIS ANALYSIS, AND DEFENDANT'S COUNSEL NEITHER

7   ENDORSES NOR APPROVES OF THE EXPLANATIONS. Per the parties' statements at the

8   December 22, 2016 hearing, the parties shall revise this sentence to clarify that Defendants express

9   no opinion on the *Sanchez* and *Zemudio* cases because Defendants are not parties in those cases,

10  but Defendants agree with the discussions of the remaining cases. The parties shall make the same

11  change to the Joint Stipulation of Class Settlement.

12        Under Question 9, the parties shall clarify that the proposed agreement, by dismissing

13  *Willner II*, eliminates any possibility of the settlement in *Willner I* being reopened.

14        Under Question 9, at the end of the discussion of each case, the parties shall provide in

15  bold type a simple explanation of the effect that the proposed settlement would have on class

16  members' claims in each case. A clear conclusion in bold at the end of each case eliminates the

17  need for an overall summary paragraph. For example, the parties shall clarify that every member

18  of the class in *Rico* is a member of the class in the instant case and that the settlement in the instant

19  case would prevent the *Rico* class from pursuing waiting time, wage statement, and PAGA penalty

20  claims in the *Rico* case, but that the settlement in the instant case would not affect the *Rico* wage

21  claim requesting compensation for the time spent putting on and taking off required clothing and

22  personal protective equipment. Similarly, the parties shall clarify that that every member of the

23  class in *Martinez* is a member of the class in the instant case and that the settlement in the instant

24  case would prevent the *Martinez* class from pursuing waiting time, wage statement, and PAGA

25  penalty claims in the *Martinez* case, but that the settlement in the instant case would not affect the

26  meal and rest period claims in *Martinez*.

27        Under Question 9, the parties shall revise the discussion of the *Sanchez* case to state that

28

17

Case No. 14-CV-03787-LHK
ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1    there is a motion pending that would eliminate Manpower CP employees from the class in the

2    *Sanchez* case.

3            Under Question 13, the parties shall revise the language to read as follows:

4                    You can ask the Court to deny approval of the proposed settlement

5            by mailing an objection to the Claims Administrator. If the Court denies

6            approval of the proposed settlement, no settlement payments will be sent

7            out pursuant to this Settlement Agreement, and the lawsuit will continue

8            until it is resolved either through settlement, trial, or a judgment issued by

9            the Court. If that is what you want to happen, you must object. Any

10           objection must (a) clearly identify the case name and number (Mata et al.

11           v. Manpower, Inc./California Peninsula, Case No. 5:14-cv-03787), (b) be

12           submitted to the Court by mailing them to the CPT Group Inc., located at

13           16630 Aston Street, Irvine, CA 92606, and (c) must be postmarked on or

14           before [ENTER DATE]. Please use the Objection Form attached to this

15           Proposed Notice if you wish to file an objection.

16                   To exclude yourself from the settlement, you must opt out of the

17           settlement and follow the directions described above in Question 10.

18           Please note that you cannot both object to the settlement and exclude

19           yourself.

20                   You may also appear at the Final Approval Hearing, either in

21           person or through your own attorney. If you appear through your own

22           attorney, you are responsible for paying that attorney. You are not

23           required to appear at the Final Approval Hearing.

24           Under Question 16, the parties shall include the full address of the Settlement

25    Administrator, CPT Group.

26           Under Question 17, the parties shall include the name and contact information for Class

27    Counsel. Additionally, the parties shall clarify that questions and comments should be directed to

28
Case No. 14-CV-03787-LHK
ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

United States District Court
Northern District of California

1  Class Counsel and the Settlement Administrator, that class members should first seek case

2  documents on the Settlement Administrator's website, and finally, that class members should only

3  access PACER or visit the Clerk's Office to review any additional case documents.

4        Finally, the parties shall agree on a cut-off date for the class period and provide an updated

5  number of class members in its revised motion for preliminary approval.

6  **IV.    CONCLUSION**

7        For the foregoing reasons, Plaintiffs' renewed motion for preliminary approval of class

8  action settlement is DENIED.  Plaintiffs are instructed to file an amended motion for preliminary

9  approval, with an amended Settlement Agreement and proposed Notice, by January 17, 2017.

10  January 26, 2017 at 1:30 p.m. shall be reserved as a hearing date for the amended motion. The

11  amended motion, amended Settlement Agreement, and proposed Notice must cure the deficiencies

12  outlined in this Order.

13  **IT IS SO ORDERED.**

14  Dated:  December 22, 2016

15  _Lucy H. Koh_

16  LUCY H. KOH
    United States District Judge